BARRETT<br>vs.<br>CHURCHILL.

---

## `Barrett *vs.* Churchill.

Case 44.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

PET. EQ.

1. No interest in lands to which infants are entitled, can be sold until the conditions required by *Rev. Stat. chap.* 86, *art.* 3, *page* 592, shall have been complied with. (*Carpenter, &c., vs. Strother's Heirs,* 16 *B. Monroe,* 296.)

2. A purchaser at a Commissioner's sale of infants' estate in lands, in answer to a rule to show cause why he should not pay the purchase money into court, may show that the requirements of *Rev. Stat. chap* 86, *art.* 3, have not been complied with, which being done, he is entitled to be discharged, and have his bonds concelled and surrendered.

[The facts of the case are stated in the opinion of the court.] REP.

*Barrett* for appellant.

*C. Ripley* for appellees—

Argued—I would suggest, on behalf of appellees, that while this proceeding, if regarded as a statutory proceeding, is irregular, that it is not a case within the contemplation of the statute. The application was directed to the general power of a court of

BARRETT
*vs.*
CHURCHILL.

equity. The sale was to raise the amount of certain debts incurred for repairs and the amount due for taxes; the taxes due the city were a *lien* on the property, as were some or all of the bills for repairs, and the trustee, who is one of the plaintiffs, represents these several claims. The only question, as the case is presented, seems to me to be, "was the proceeding void on its face," or, in other words, upon the averments of the petition and statements of the trustees, had the court jurisdiction of the matter? And not whether the court erred in its judgment as to the necessity of a sale, or whether the sale was for too much or was irregular. If all the improvements had been destroyed it could hardly be doubted that a court would restore them if necessary, by a sale of a portion of the unproductive property. It would be only carrying out what might be fairly presumed to be the intent of the donor or testator.

This was not a proceeding especially for the benefit of the infants, nor was it in fact infants estate, but estate to be conveyed to infants upon the accomplishment of certain trusts; nor was it estate of a married woman, for not even the entire use was devoted to her, but only so much as was necessary for her support. It will hardly be contended that a court could not, in order to save the estate from becoming wholly unproductive, sell a part for the benefit of the residue, and this I take in effect to be the judgment of the court, and whether erroneous or not is immaterial, for the court having jurisdiction of the subject, the title would pass whether the court erred in its judgment as to the necessity of the sale or not.

It was not necessary, to authorize this sale, that it should appear to be for the benefit of the infants; the proceeding was to supply what might be presumed to be the intention of the donor if he had before him the exact condition of the trust property.

If there is any force in these suggestions, no contest can arise on this record, as to the propriety of

the sale. The appellant has got the land; he made no exceptions to the sale within the time allowed for exceptions, and there is no averment in his response sufficient to raise a question as to the title which he acquired. The decree ordering the sale, or the one confirming it, cannot be brought in question in this manner. The case of *Carpenter & Grigsby vs. Strother's heirs*, 16 *B. Mon.* 290, only applies to a statutory proceeding to sell infants estate, which is absolutely *void* for want of a compliance with the statute.

It is not perceived how the last sentence in the chapter "husband and wife," Revised Statutes, can affect the case. This is not such an estate as is therein contemplated, nor is this proceeding in contravention of its provisions, for this is virtually a reinvestment.

. BARRETT<br><i>vs.</i><br>CHURCHILL.

Judge DuVALL delivered the opinion of the court.      Oct. 9, 1857.

By the terms of the deed from John McKinley to Andrew McKinley Mrs. Churchill and her children are entitled to the rents, profits, and incomes arising from the real and personal estate and slaves conveyed, the whole of which are to be applied to the support of Mrs. Churchill and her family, during her life, to the education of her children, and to the payment of taxes, insurance, and necessary repairs, &c., on the trust property. Should any surplus remain of rents, &c., after paying those charges, it is to be invested in other real estate, which is to constitute part of the trust estate. After the death of their mother equal portions of the trust property are to be conveyed to her children as they respectively attain the age of twenty-one years. This statement of the provisions of the deed sufficiently shows the nature and extent of the interest of the parties in the estate.

Upon the petition of A. P. Churchill and wife and the trustee, as plaintiffs, against the three infant children of the two former, a portion of the trust estate was dirscted to be sold for the purpose of raising the

sum of $2,446 47, being the amount needed for repairs, &c., as recited in the judgment. At the sale made by the commissioner under this judgment, the appellant became the purchaser of 60 feet of ground at the price of $165, for which he executed his bond. After the bond matured he was ordered to pay the money into court, or to appear and show cause to the contrary. He filed a response to the rule, in which he resists the payment of the bond on the ground that the judgment and proceedings under which the sale had been made were void, and that for that reason he could obtain no title to the lots for the consideration of which the bond had been executed. His response was adjudged insufficient, and the rule made absolute, and from that order he has appealed to this court.

By the 2nd sec. of art. 3, *page* 592, *Rev. Stat.* it is provided, that *before a court shall have jurisdiction* to decree a sale of infants lands three things are unconditionally required to be done:

"1. Three commissioners must be appointed to re-
' port, and must report under oath, to the court, the
' net value of the infants real and personal estate,
' and the annual profits thereof, and whether the
' interest of the infant requires the sale to be
' made."

" 2. Proof may be taken or required by the court,
' showing the propriety and expediency of such sale
' or the reverse."

"3. The *guardian* of each infant, whether a peti-
'tioner or defendant, must enter into a covenant to
' the infant, with good surety, to be approved by the
' court, stipulating a faithful discharge of all his du-
' ties under this act, and under any order or decree
' of the court in pursuance thereof."

In this case there was no appointment of, or report from the three commissioners, as required by the statute.

The infant defendants, answered by guardian *ad litem*, and whether they had statutory guardians or

1. No interest in lands to which infants are entitled, can be sold until the conditions required by *Rev. Stat. chapter* 86, 2*rt.* 3, *page* 592,

not does not appear from the record. It is certain, however, that the covenant required to be entered into by the guardian was not executed. And the consequence of the two omissions referred to under the inflexible rule prescribed by the statute, is that the court had no "jurisdiction" to order a sale of the land in which the infants were interested under the provisions of the deed of trust from their grand father. Such was the construction and effect of this statute, as settled in the case of *Carpenter &c. vs. Strother's heirs*, 16 *B. Mon.* 296, in which it was held that no interest in lands, to which infants are entitled, can be sold until the conditions required by the statute shall have been complied with.

It results, therefore, that the judgment in this case, and the sale and other proceedings under it are void and the rule against the appellant should have been discharged, and his bond concealed or surrendered up to him.

It is undoubtedly true, as suggested by counsel in argument, that the object sought to be accomplished by this proceeding was within the general power and jurisdiction of a court of equity, but it is also true that this general power and jurisdiction were subordinate to the powers of the legislature, and that the legislature have thought proper, wisely, as we think, to limit and restrict their exercise, in the manner and to the extent indicated.

It is unnecessary to notice those provisions of the same statute which relate to the sale of the lands of married women, nor would it be proper that we should now decide whether the interests of any of the parties in the trust estate are subject to be sold by order of the chancellor for the purposes contemplated by this proceeding.

The judgment is therefore reversed, and the cause remanded with directions to discharge the rule, and for further proceedings in conformity with this opinion.

2. A purchaser at a commissioner's sale of infants's estate in lands, in answer to a rule to show cause why he should not pay the purchase money into court, may show that the requirments of *Rev. Stat. chapter* 86, have not been complied with, which being done he is entitled to be discharged, and have his bonds cancelled and surrendered.