CASE 42—PETITION EQUITY—JUNE 28.

# Woodcock, &c., vs. Bowman.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. A sale of an infant's real estate was, on an appeal by the purchaser, declared *void* by the court of appeals, whose mandate directed the circuit judge to vacate the judgment of sale and all proceedings under it. After that decision, but before the mandate, or any judgment in conformity with it, had been entered in the circuit court, the infant and his guardian filed a petition, alleging that the sale was beneficial to the infant, and praying a confirmation of it. *Held*—That the confirmation was proper, under the acts of 1861 and 1862 (*Myers' Supp.*, *pp.* 424, 425), notwithstanding the decision and mandate of the court of appeals.

2. The exclusive purpose of the acts of 1861 and 1862 was to enable the guardian of the infant, whose land had been sold under defective proceedings, to procure the confirmation of the sale by showing that it was in fact beneficial to his ward; and such confirmation should be entitled to the same effect as a deed of confirmation made by the infant himself after attaining full age.

3. The only right of the purchaser is to have a proper conveyance of the infant's title, and the offer of the infant and his guardian to execute such conveyance, made by a proper pleading, in the proper court, at any time before the actual

Woodcock, &c., vs. Bowman.

vacation of the sale by a final and conclusive judgment, should terminate the proceeding for vacating it.

4. The effect of the amendatory statutes is not to force the purchaser to make a new purchase, but to make him comply with the terms of that which he had vol-untarily made; and, the title being secured to him, the enforced payment of the agreed price is not taking his property without consent or compensation; nor is the termination of his right of vacating the sale a taking of his property, or the violation of any constitutional right.

S. TURNER, for appellant, cited 5 *Mon.*, 129; 2 *Peters*, 658; 2 *Thomas's Coke*, 516; *Gilbert on Tenures*, 75, 78; 2 *Johns.*, 248; 3 *Dallas*, 386; 12 *Wheat.*, 303; 7 *Johns.*, 93; 8 *Johns.*, 511; 1 *J. J. M.*, 563.

A. J. JAMES, on same side, cited 1 *Duvall*, 349; 4 *Met.*, 43.

G. W. DUNLAP for appellees.

CHIEF JUSTICE MARSHALL DELIVERED THE OPINION OF THE COURT:

On the appeal of Woodcock, &c., vs. Bowman, &c., this court reversed the judgment of the circuit court, overruling the motion of the appellants to vacate and set aside a judgment for the sale of the land of the infant heirs of D. E. Harrison, and all proceedings under it, on the ground that the judgment of sale was void and the purchaser acquired no title. The mandate of this court directed the circuit court to sustain the motion of the appellants, and to vacate and set aside the judgment of sale and all subsequent proceedings.

The opinion of this court was rendered on the 24th of June, 1862, and is reported in 4th Metcalfe, page 40, to which reference is made for the general facts of the case and the grounds of the reversal.

About the time of instituting their motion for vacating the sale, Woodcock, the purchaser, who, with his sureties, made the motion, filed, in conjunction with them, a petition in equity to rescind the contract of sale upon alleged grounds of equity. A short time afterwards, a portion of the purchase money having been made by execution on the sale bond, the commissioner who made the sale, together with the guardian and his infant wards, filed a petition in equity to enforce the lien for the residue of the purchase money. These two suits in equity, and the petition of the guardian and his

wards for the sale of the land, were afterwards consolidated. In the meantime they were all pending, and some of them were proceeded in, while the appeal from the judgment overruling the motion to vacate the judgment of sale was being prosecuted in this court.

On the 4th of July, 1862, before the expiration of fifteen days after the rendition of the opinion, and mandate of this court directing the vacation of the judgment of sale, &c., the guardian and his wards lodged in the clerk's office an amended or supplemental petition, which, on the 26th of August following, was filed in court, and in which they allege that the sale made under said judgment was beneficial to the infants, and had redounded to their interest, and pray that the same may be confirmed, &c., &c. In February, 1863, Woodcock, &c., who had been made parties to the amended petition just mentioned, filed their answer to it, and, about the same time, they filed an amendment to their own petition for a rescission. In each of these pleadings the decision of this court against the validity of the judgment of sale, &c., is stated, and a copy of the opinion and mandate is referred to as an exhibit or as part of the pleading, and its appropriate effect in the particular case suggested or insisted on. And this, so far as appears, was the first intimation made in the circuit court of the reversal of its judgment overruling the motion to vacate the judgment of sale, &c.

The record shows, that, on the offer to file the opinion and mandate of this court, as exhibits in the answer and amended petition just mentioned, it was agreed between the counsel, with the concurrence of the court, that no judgment in pursuance of the mandate should then be entered. This agreement was doubtless made on account of the pendency of the amended petition of the guardian, &c., asking a confirmation of the sale. But, notwithstanding the agreement, a written judgment in pursuance of the mandate was handed to the clerk, and was by him entered of record without the sanction of the court. On motion of the guardian, &c., this judgment was vacated, and Woodcock, &c., having appealed to this court, the judgment of vacation was affirmed. (*MS. opinion, Sep.* 16, 186–.)

During the pendency of these proceedings with regard to the judgment which had been entered on the mandate, no movement seems to have been made in the circuit court. But, on subsequent motions to enter such judgment, the court declined doing so at that time in consequence of the proceeding then pending for the purpose of confirming the sale. A further amended petition by the guardian, &c., was filed, designating particular defects in the original proceeding, and alleging that the sale was beneficial to the infants, and had redounded greatly to their interest, as a confirmation of it would do, and praying that it might be confirmed. To this amendment Woodcock, &c., filed an answer, opposing, as before, the confirmation of the sale, and insisting on the opinion and mandate of this court being carried into effect, as to which they say that a petition for rehearing had been filed, and, on mature consideration, overruled.

On final hearing, September, 1865, the court, being of opinion that the defects in the proceedings for the sale were cured by the proceedings which had taken place under the amended pleadings of the guardian, &c., and that the infants were entitled to the price at which Woodcock had purchased their land, still declined to render a judgment on the mandate, and rendered a judgment enforcing the lien for the purchase money on the petition for that purpose, and dismissing the petition of Woodcock, &c., for a rescission, and giving costs accordingly. By this judgment the sale was in effect confirmed, notwithstanding the opinion and mandate of this court, and Woodcock, &c., have, for the third time, appealed to this court.

The amended petitions, and the proceedings thereon, for confirming the sale, were based upon the act of September, 1861 (*Session Acts*, 1861–2, *p.* 7), and the act of March, 1862, same book, page 64, both of which are amendments of the Revised Statutes, authorizing the sale of the estates of infants, &c. (2 *Stanton's R. S.*, 304.) By these amendatory statutes it is in effect enacted, that where, in any previous sale of the real estate of infants, on petition of their guardians, such defects had occurred in the proceedings as might vitiate the

sale, the guardian may file a petition in the same court,
making proper parties, and alleging that the sale was bene-
ficial to the infants, and had redounded to their interest; and
that, upon satisfactory proof of the truth of these allegations,
the sale shall be as valid as if no such defects had existed.
The court in which the petition is filed and the proof is made
must of course have a right to declare the result, and to pro-
ceed, if anything remains to be done, as if there had been no
defect in the original proceedings.  And as it is most evident
from the proof that the sale was eminently beneficial to the
infants, and redounded to their interest and advantage, and
that a confirmation of it will redound greatly to their inter-
est, and that a final vacation of it would be greatly disad-
vantageous to them, the conditions on which the healing and
validating effect of the amendatory statutes depends, have
been fully performed; and if the curative process which it
prescribes can have any operation in this case, the result must
be that the sale has been thereby made as valid as if there
had been no vitiating defects in the proceeding in which it
was ordered and made.

If it be true, as suggested, that the revised statute author-
izing the sale of the estate of infants is more minute and
peremptory in defining the proceedings by which the sale is
to be effected than the former laws had been, because the lib-
eral or lax construction which this court had given to those
laws had, in some instances, resulted in a loss to the infant of
his whole estate, it is still more obviously true that the enact-
ment of the amendatory statutes was caused by the rigid con-
struction which had been given to the revised statute itself,
and to the proceedings attempted to be carried on under it,
whereby the infant might, at the option of a purchaser be-
coming dissatisfied, be deprived of the benefit of a fair but
necessary and advantageous sale, on the ground of minute,
technical, and even immaterial, departures from the directions
or requisitions of the statute.  The obvious and exclusive
purpose of these statutes was to enable the guardian repre-
senting the infant whose land had been sold under proceed-
ings in which there are such defects as might vitiate the sale,

to procure its confirmation by showing that it was in fact advantageous or beneficial to him.

The ground on which the defective sales, made under the judgment of the court, are to be confirmed or made valid on petition of the guardian, is just the same as that on which an infant, who had sold and conveyed his land, would most probably confirm, when of full age, his unobligatory sale previously made. The State, having authority to bind an infant forever by a sale and conveyance of his land, made through an agency and proceeding established by itself, has also a right through the same, or a similar agency and proceeding, to bind him to the confirmation of a sale which, though advantageous and made through the designated agency, is unobligatory for want of a precise conformity with the prescribed proceeding. It would seem, therefore, that a confirmation or validation of the sale, as authorized by the amendatory statutes referred to, should be entitled to the same effect as if the infant, whose land had been sold and conveyed by act unobligatory, because done by himself during infancy, or done by the public agency but not in conformity with the law, had himself, when of full age, tendered to the purchaser a proper deed confirming the invalid sale, or conveying the same land absolutely.

As such a deed, understandingly made, would, if accepted, cure any and every defect, omission, or irregularity, which had occurred in the preliminary proceedings by which the sale had been brought about, so, in our opinion, should the tender of such a deed, or the offer to execute it, made by a proper pleading in the proper court, at any time before the actual vacation of the sale by a final and conclusive judgment, terminate the proceeding for vacating it, or be a bar to the final attainment of its object. The minute requirements of the revised statute, with respect to the acts to be done preparatory to the sale, or to authorize it, are all intended for the benefit of the infant, of whose rights and interest the agency appointed by the State is to judge and may dispose, and not for the benefit of the adult purchaser, who acts upon his own

judgment, and is competent to understand and to protect his own interest. The only benefit secured to him is, that he shall have a proper conveyance of the infant's title which he purchases, and which the statute directs to be conveyed to him without warranty.

As the only right which the statute secures, or intends to secure, to the purchaser, is that of having a sufficient conveyance of the infant's title, it is from this right alone that he derives the privilege under the statute of objecting to any defect in the preliminary proceedings which might enable the infant, at some future time, to reclaim the land and deprive him of the benefit of his purchase. And it is upon this ground alone that he can be justly entitled to obtain a judgment vacating the sale. When this ground, though once existing, is removed by an act which, binding the infant, assures his title to the purchaser against reclamation by the infant or his heirs, then, as the right of the infant to disturb the purchaser by vacating the sale would, in that case, be absolutely and forever at an end, so should the derivative right for the exercise, or even the existence, of which there would, in view of the object of the statute, be no longer a plausible pretext, be also conclusively terminated.

No court would vacate the sale, on motion of the purchaser, for defects in the preliminary proceedings prescribed, not for his benefit, but for the benefit of the infant, after, by an act obligatory upon the infant and all claiming under him, the purchaser—having been effectually invested with the title of the infant—was thus placed in the actual enjoyment of every right and benefit which the statute intended to secure to him. Nor do we suppose that any court, in which such a motion might be pending, would hesitate to suspend its judgment upon its being shown that such act was in process of execution, and was authoritatively offered to be done.

By the amendatory statutes which have been referred to, the guardian, acting for the infant, is in effect authorized to elect to confirm the sale on the ground that it was beneficial to his ward; and his petition for that purpose, to which the purchaser is made a party, is, in substance, an offer to assure

to him effectually and conclusively, by the operation of the amendatory statutes, and by the judgment of the court, a valid and indefeasible investiture of the title which he purchased, upon his complying with the terms of the purchase. By the allegation and proof that the sale was beneficial to the infants, and by the effect of the statutes, and of the judgment rendered thereon, the sale is made as valid, and the conveyance to be made in pursuance of it will be as effectual and as obligatory, as the sale and deed of an adult could be. And the case is as strong as if the infant, whose land is sold on petition of his guardian, coming of age before the proceedings on the petition is at an end, and while a motion by the purchaser to vacate the sale is pending, should execute and tender to him and file in the case a valid conveyance of the land he had purchased.

As these statutes go no further than to make the sales, if proved to have been beneficial, as valid as if there had been no vitiating defects in the proceedings, any sale made thus far valid is still as open to any extraneous objections as it would have been if there had been no defect in the proceedings.

The petition of Woodcock, &c., for a rescission of the contract of sale, sets up extraneous grounds of equity, as to which it may now be said that the proof does not establish either fraud, misrepresentation, concealment, or imposition, nor any mistake for which the contract can be rescinded. And although, under the competition of the owner of adjoining land, Woodcock gave a high price for the land now in question—more, probably, than it would now sell for, and more, perhaps, than it was then worth—this hardship, if it be one, he brought upon himself, and it forms no ground of relief in equity. The petition for a rescission was, therefore, properly dismissed.

There being no equitable ground, outside of the statutory proceedings, to disturb the sale, and those proceedings, however defective at first, having become obligatory upon the infants by the action of the guardian and the court under the amendatory statutes, and in a proceeding commenced and

completed before the sale had been actually and conclusively vacated by the judgment of any court having final jurisdiction to vacate it, we are of opinion that the purchaser, being thus secured in every benefit promised and intended to be secured to him by the revised statute, it would be inconsistent with the spirit and object of that statute, as it certainly would be with the express mandate of the amendatory statutes, to give any effect to objections of the purchaser founded upon requisitions of the former statute, made for the exclusive benefit of the infant, or to refuse, on the ground of mere opinions even of the highest judicial tribunal, to allow full operation to the amendatory statutes and the proceedings which they authorize.

Those statutes, if, to any extent, inconsistent with the revised statute, repeal it *quo ad hoc.* It cannot, therefore, obstruct nor interfere with their operation. As their avowed object is to make previous sales valid, notwithstanding any vitiating defect in the proceedings under the revised statute, the proceedings authorized by these statutes must supersede any proceeding under the revised statute by which their operation would be obstructed, or their intended effect frustrated. This court did not itself render a judgment vacating the sale, but only indicated or expressed the opinion that it was void, and directed the circuit court to vacate it. As, up to the delivery of the opinion of this court, the sale was held to be valid, and, by the judgment of the circuit court, was decided to be so, there was, until then, no occasion for the filing of a petition by the guardian to make it valid. And his supplemental petition, having been filed in reasonable time after the proceedings for making the sale were declared by this court to be fatally defective, and before that declaration became conclusive even on this court, we are of opinion, that, in the new state of things thus produced under the authority of the amendatory statutes, the entry of the mandate of this court, and of a judgment in pursuance of it, was properly postponed for the proceedings under those statutes, and that there was no error in finally giving effect to those proceedings rather than to the mandate to vacate the sale.

The revised statute does not, in terms, declare a sale void for any of the defects adjudged by this court to exist in the present case. And the implication of voidness, on account of departures from the precise statutory proceeding, may have been intended, and might well have been understood, as meaning a voidness as against the infant, and as thus giving him a privilege which he might forego, but which, unless authoritatively renounced, might form a just ground of objection to the sale on the part of the purchaser, and of vacating it on his motion.

But neither a statutory nor a judicial declaration of voidness, on account of such defects, could annihilate the acts or facts which had actually occurred; and, although the statutory declaration may destroy the legal effect of the act declared to be void, when considered simply or abstractly, it does not, any more than a judicial opinion of its voidness, execute itself. Nor does either of them operate practically and coercively upon existing facts, nor even upon existing rights, except through the judgment of a court applying the law to the facts, and thus fixing the rights of the parties and the invalidity of the act. Such a declaration cannot of itself either cancel a deed or oust a possession. Neither can it vacate a sale which, however impotent in law, may yet have an operation and effect, and may, unless authoritatively vacated, be practically and in fact confirmed by time, by acquiescence, by estoppel, or otherwise.

The maxim, that what is void is not susceptible of confirmation, is relied on to defeat the operation of the amendatory statutes in this case. But as the principle involved is not embodied in the Constitution, it cannot prevail against this statute, which enacts that the sales to which it refers shall, on proof that they are beneficial, be as valid as if there had been no vitiating defects in the proceedings. And as these statutes, and the proceedings under them, are certainly obligatory upon the infants, and make the sale valid as against them, the purchaser has no right to complain, that, all of his objections being obviated, and all ground of apprehension being removed, he is compelled to take the title which he purchased.

He is not forced to make a new purchase, but to comply with the terms of that which he voluntarily made; and, as the title which he purchased is secured to him, the enforced payment of the price he had agreed to pay is not taking his property without consent or compensation. Nor can the termination of the right of vacating the sale, occasioned by its being freed from the technical objections on the ground of which he was attempting to vacate it, be regarded as the taking of his property, or as the violation of any right secured to him by the Constitution.

Wherefore, the judgment is *affirmed.*