Falls City Real Estate & Building Association v. Vankirk, &c.

CASE 8—PETITION EQUITY—DECEMBER 11.

# Falls City Real Estate & Building Association v. Vankirk, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. THE SALE OF A PART OF A TRACT OF LAND IN WHICH THERE IS A FUTURE CONTINGENT INTEREST, for the purpose of repairing and improving the residue, was not authorized by the act of August 23, 1862 (Myers's Supplement, 426), providing for the sale of real estate in which there is a future contingent interest.
2. The conversion of a part of a tract of land into improvements on the residue, however useful or essential to its immediate use or enjoyment, can not be regarded as either a literal or substantial compliance with the provisions of said statute requiring the proceeds of such sales "to be reinvested in the same kind of property, to be conveyed and held in the same manner," etc.

SAMUEL RUSSELL, . . . . . . . . . . For Appellant,

CITED

18 B. Monroe, 389, Barrett v. Churchill.
Act of 1862, Myers's Supplement, page 426.
Revised Statutes, chapter 86.

WARD & WARD, . . . . . . . . . . . For Appellees,

CITED·

Revised Statutes, chapter 86.
Myers's Supplement, page 426, Act of August 23, 1862.
18 B. Monroe, 387, Barrett v. Churchill.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

Thomas McNally and wife, by their deed dated the 21st day of August, 1850, conveyed a tract of thirty acres of land near the city of Louisville to Harriet N. Vankirk for life—remainder upon certain contingencies to her children and the survivors of them. This suit was instituted by the tenant for

life, and her children residing with her upon the land, for a judicial sale of six acres of it, to enable them with its proceeds to make repairs and improvements on the residue of the tract, which, as they alleged, were necessary and essential to the use and enjoyment of the premises.

In accordance with the prayer of the petition the court adjudged that a sale be made of a designated boundary of six acres of the land, and at a sale made under that judgment the appellant became the purchaser of the six acres at the price of four hundred and ninety dollars per acre; and having failed to comply with the terms of the sale, and being, upon a rule laid on it, peremptorily required to do so, it has appealed to this court.

The most important question involved, and the only one which we need to decide in this case, is whether the sale of part of the land for the purpose of repairing and improving the residue was authorized by the act of August 23, 1862, (Myers's Supplement, 426) providing for the sale of real estate "in which there is a future contingent interest." The third section of that act requires that where sales are adjudged under it "the court shall by its decree secure the proceeds of sale, and cause the same to be reinvested in the same kind of property, to be conveyed and held in the same manner, and subject to the same limitations, trusts, and conditions, as the property which was sold."

We can not regard the conversion of part of a tract of land into improvements on the residue, however useful or essential to its immediate use or enjoyment, as either a literal or substantial compliance with the foregoing provision of the statute, the manifest intention of which is to preserve and secure the rights of future and contingent owners, rather than to destroy or diminish them for the benefit of the present beneficiaries.

The suggestion made in the case of Barrett v. Churchill (18 B. Monroe, 387), as to the general power and jurisdiction

of a court of equity, is not deemed applicable to this case, involving as it does the power of the chancellor, with reference to sales of land, under existing statutory restrictions.

We are of the opinion that the sale adjudged in this case was not authorized by the statute referred to, nor by any existing law.

Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the rule.