CASE 15—RULE—MARCH 8.

# Williams, &c., v. Glenn's Administrator.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. IN JUDICIAL SALES OF REAL ESTATE THERE IS NO WARRANTY OF TITLE, and after the sale has been made complete by confirmation the purchaser can not resist the payment of the purchase price on the ground that he acquired no title, unless he can show that he was induced to

make the purchase by the misrepresentations of the creditor or person making the sale as to the condition of the title, and that he did not discover, and could not have discovered with reasonable diligence, the true condition of the title until after the confirmation of the sale.

2. WHERE THE PURCHASER ACQUIRES NO TITLE he may recover of the debtor what he has paid for the land upon the ground that he has paid the latter's debt without having received value therefor.

O. W. & A. T. ROOT FOR APPELLANTS.

The doctrine of *caveat emptor* applies to purchasers at judicial sales, but. extends only to cases where there is a *defect* of title, and not to cases where there is no title to pass. (Rorer on Judicial Sales, 168; Farmers' Bank of Ky. v. Peter, 13 Bush, 594.)

D. A. GLENN & A. G. WINSTON FOR APPELLEE.

To a purchase at a judicial sale that has been confirmed the rule *caveat emptor* applies to the fullest extent. (Taylor v. Bank of Woodford, 4 Ky. Law Rept., 437; Henning v. Sweeney, 4 Ky. Law Rept., 986;. Cooper v. Hill, 6 Ky. Law Rept., 742; Florans v. Gallegher's heirs,. 7 Ky. Law Rept., 298.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In an action pending in the Campbell Circuit Court by John Glenn's administrator against George B. Hodge, &c., the court decreed a sale of the land in controversy as the property of George B. Hodge, to satisfy a mortgage debt thereon, which mortgage was executed by George B. Hodge to the appellee's intestate. At the master commissioner's sale of said land the appellant, Williams, become the purchaser. He executed bonds. to the commissioner for the purchase price of the land, payable in eight, twelve and twenty-four months from date, with the appellant, Johnson, as his surety. The report of sale was confirmed by the court. After the confirmation of the sale, and the maturity of the first and second bonds, the appellants were ruled to show cause why they should not pay these two bonds. They filed separate responses to the rule, in which they al-

leged that, at the time of the sale of said land, George
B. Hodge had no title whatever to said land; that,
therefore, there was no consideration for said bonds.
The circuit court, notwithstanding these responses,
made the rule absolute, from which they have appealed
to this court.

This court, in the case of the Farmers' Bank v.
Peter, 13 Bush, 594, held that after the confirmation of
the decretal sale of a piece of real estate to satisfy a
mortgage debt in favor of the Farmers' Bank, Peter,
the purchaser of the real estate, was not entitled to an
abatement of the purchase price of the real estate on
account of a prior and superior lien thereon for taxes
due the State and city of Henderson.  This court hold-
ing, in that case, that, after the confirmation of a de-
cretal sale, the doctrine of *caveat emptor* applied in all
its rigor, and that the purchaser could not resist the
payment of the purchase price on account of any defect
in the title of the property.  But it is contended that
the Peter case is distinguishable from this case in this:
That in that case Peter got a perfect title to the land,
except that it was incumbered by a prior lien for taxes ;
that he, in fact, got something, which fact was suffi-
cient to uphold the consideration ; but, in this case, the
appellant, Williams, got no title whatever ; therefore,
there was a total failure of consideration for the bonds.
But the court in the Peter case announced the broad
doctrine that in judicial sales of real estate there is no
warranty of title ; that while the chancellor will not
compel his vendee to pay for the land purchased at his
sale, if the purchaser makes known before the sale is
made complete by confirmation that he acquires no

title, yet, after confirmation, the purchaser will not be permitted to avoid the payment of the purchase price upon the ground that he acquired no title to the land. The doctrine thus announced is in harmony with the current of authorities and accords with reason.

Rorer on Judicial Sales, section 174, second edition, says: "The rule is, as to all judicial sales, except as regards fraud, that the maxim *caveat emptor* applies. Let the buyer beware. There is no warranty of title or quality. They are sales by the court, and there is no one to go back on if the buyer takes nothing. * * * But although sales, whether judicial or on execution, are made subject to the doctrine of *caveat emptor*, yet, if misrepresentations be made by the person selling, and be relied on by the buyer to the injury of the latter, the sale will be set aside." The rule announced in Rorer is sustained by the current of authorities, and was clearly recognized as correct by this court in the Peter case. · So it may be regarded as a settled rule of law, that after a judicial sale of real estate has been made complete by a confirmation of the sale, the purchaser cannot successfully resist the payment of the purchase price on the ground that he acquired no title to the property, unless he can show that he was induced to make the purchase by the misrepresentations of the creditor or person making the sale as to the condition of the title, and that he did not discover, and could not have discovered with reasonable diligence, the true condition of the title until after the confirmation of the sale. The apellants did not allege either of the latter facts. They, therefore, cannot successfully resist the payment of their bonds.

If it be true that George B. Hodge had no title to said land, he or his estate will be liable to the appellants for the sum that they may pay on these bonds, upon the ground that they have been compelled to pay his debt without having received value therefor.

The judgment of the lower court is affirmed.