## Dotson v. Merritt.

(Decided December 7, 1910.)

### Appeal from Logan Circuit Court.

1. Estoppel in Pais.—One ignorant of the facts is not estopped by acquiescence in a conveyance of his property, he not knowing that in fact he then owned an interest in the property. Knowledge, not ignorance, is the basis of estoppel.

2.  Estoppel by Record.—Under plea of estoppel by record the en-
tire record may be received to explain or modify the matter
alleged.

3.  Conveyance—Commissioner's Deed.—Recitals in a commission-
er's deed may be restricted by the order directing the deed, the
order of sale, and the commissioner's report confirmed. Section
395, Civil Code, requires all such orders to be noted in the com-
missioner's deed. If referred to in the deed, they will be read
as part of it, and may control express recitals in the deed if
contrary in part where the latter are shown by the record to
have been erroneous.

S. R. CREWDSON and J. W. LINTON for appellants.

BROWDER & BROWDER for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant Simon Dotson was married and had be-
got living children of his wife prior to 1894. She sub-
sequently died, the owner of a small farm of 39 acres
in Logan county. The husband was then an aged man,
infirm in sight and hearing, and was illiterate. He and
some of his sons continued to reside on the home place.
His wife owed a note at her death, which was a purchase
money lien on the place. The note was owing to a citi-
zen of Tennessee who had died intestate. Ancillary ad-
ministration upon his estate was granted in Kentucky,
in the Logan county court, it being committed to the
public administrator, appellee G. W. Merritt. Suit was
brought in his name against appellant as tenant by the
curtesy and the heirs at law of appellant's deceased
wife, to subject the 39 acre farm to the payment of the
purchase money note. The case proceeded to a judg-
ment of sale. The commissioner reported a sale of the
whole tract to J. T. Dotson, a son of appellant. The sale
was set aside by the court upon exceptions, and a resale
ordered. At the last sale J. T. Dotson again became the
purchaser, but only of "thirteen acres off the west side
of the tract," at the amount of the judgment debt and
costs. That sale was confirmed, and the commissioner
directed to convey the land sold. J. T. Dotson was then
living with his father, or rather Simon Dotson was liv-
ing with his son J. T. The old man was too infirm to
work, and had turned over the place to his children to
manage. J. T. Dotson negotiated a sale of the whole
farm to J. D. Taylor for $700, $200 cash, balance on

time, secured by notes. He told Taylor of the state of the title, and agreed to have the other heirs join in a deed of conveyance. But when he and Taylor went to look up the matter they found that the commissioner had apparently conveyed the entire 39 acres to J. T. Dotson. The latter then proposed to execute his personal conveyance to Taylor for the place, which was accepted. Taylor's notes were sold and assigned by J. T. Dotson to appellee. The Dotsons moved off the place and gave Taylor possession. Taylor shortly learned that his conveyance did not give him the title to the 39 acres. He refused to pay the purchase money notes when due. Appellee sued Taylor to enforce the lien on the land. Judgment went by default. The land was sold under the decree. Appellee became the purchaser at the sale, and was put in possession. Before the last sale, in fact before he filed his suit, appellee learned that the deed to J. T. Dotson was executed in mistake as to 26 acres of the land, which included the dwelling. He endeavored to get the other heirs to execute conveyance to him, but they refused. He nevertheless held possession, renting out the land for about five years. Appellant having lately learned that he had the right of possession of the 26 acres as tenant by the curtesy, brought this suit against appellee to recover that part of the land, and the rents for the preceding five years, alleged to be reasonably $60 a year.

In his answer, appellee set up a counterclaim. He alleged that he had received as rents for the whole place for five years $325, and that he had paid out in taxes and for fencing on the land sued for the sum of $34.50. He pleaded also an estoppel against appellant, in this, that he had stood by and knowingly suffered his son to sell and convey the land to Taylor, who was an innocent purchaser, as well as that he was bound by the record of the old suit.

The circuit court adjudged appellant entitled to recover possession of the 26 acres. But added:

"It is further adjudged that plaintiff's claims for rents set out in his petition, be, and the same are hereby dismissed, it appearing that said rental value would not exceed the amounts defendant has been compelled to expend on said real estate while so in his possession, in the way of taxes, improvements, repairs and services in looking after and renting said property."

From the latter part of the judgment, the part just quoted, Simon Dotson has prosecuted this appeal. Appellee prosecutes a cross appeal from so much of the judgment as decreed appellant to recover the land.

The cross appeal must be first decided, as upon appellant's right to recover the land depends his right in any event to the rents.

There is a failure of proof to sustain the plea of estoppel in pais. Appellant was not only ignorant of his rights, believing that his children owned the land after their mother's death, but did not know that he was entitled to it for any length of time; nor was he present or consulted when J. T. Dotson sold to Taylor.

He is not estopped by the record. True, the commissioner's deed, describing the boundary conveyed, did not except from it any part, nor did it follow the commissioner's report of the sale by reciting, after the particular description of the tract, that the part sold was "thirteen acres off the west side." However, the deed did contain this clause:

"But for greater certainty the records and proceedings in said case are referred to."

The order of court directing the deed was in this language:

"Ordered that the master commissioner make conveyance to the purchaser of the property sold under the judgment herein."

The property sold, as has been stated, was thirteen acres off the west side of the tract described by its boundaries. The record so disclosed.

The Code requires (Sec. 395, Civil Code):

"The deed of the commissioner shall refer to the judgment, orders and proceedings, authorizing the conveyance, so that the same may be readily found."

The purpose was to enable a purchaser, as well as officers of the court in conveying, to identify the property conveyed as that sold, and to acquaint purchasers with such essential facts as might affect the title. The rule caveat emptor applies to judicial sales of real estate. (Williams v. Glenn, 87 Ky. 87.) Thus any subsequent purchaser was given such notice by recitals in this deed in his chain of title, which being pursued with ordinary diligence, would have disclosed the true quantity of land sold, and directed to be conveyed, as well as actually conveyed by the commissioner's deed. Taylor was

not, therefore, an innocent purchaser without notice as to the 26 acres. Nor was appellee. The latter stands in even a worse attitude as. respects notice. He was the plaintiff in the suit in which the land was sold. He also had actual notice of the infirmity of the deed before he bought the land. The judgment is correct on this branch of the case.

The evidence was conflicting as to the rental value of the land, and it may be that the weight of the evidence puts it at much less than the sum sued for. Still, appellee admitted having received $325 as rents for the whole place for the five years in question. And there were several witnesses who testified that that was its rental value. The fact that appellee actually rented it out for that sum, running through five years, strongly supports the opinion of those witnesses who testified that it was worth $65 a year. Some said the thirteen acres, indisputably appellee's land, was better than the remainder, but they added that the use of the house would equalize the two bodies in their average rental value. Appellant was then entitled to two-thirds of $325, or $216.66, and should have interest from the filing of his suit. From this should be deducted $34.50 for taxes and fencing. There was not evidence of other improvements or repairs, nor was there evidence of the value of appellee's service in renting out the land. He rented it all together, in one tract, and doubtless got an advantage from having an opportunity to include it all in one lease, as the thirteen acres might not have rented so easily alone. At least appellee was put to no extra trouble or expense in renting out the 26 acres. Nothing should have been allowed him on that score in the state of the record before us.

Wherefore, the judgment is reversed on the principal appeal, but is affirmed on the cross appeal, and is remanded for judgment in conformity herewith.