## Globe Realty Co. v. Lentz, et al.

(Decided February 23, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Real Property—Sale For Reinvestment—Owned by Father for Self and Infant Children.—Where it is made to appear that a house and lot owned by a father and his minor children, in the city of Louisville, produced no income above taxes, insurance, &c., and had become dilapidated, it was proper for the father to bring an action to have it sold and the proceeds used to repair a building on the father's farm in the country. The court had a right to order this sale even though it had no power to reinvest the proceeds in improving other property under section 491 of the Civil Code, providing that real property may be sold for reinvestment of proceeds in other real property.

DAVID W. EDWARDS for appellant.

JNO. J. JACKMAN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Alfred J. Lentz received under the will of his mother, Mary J. Lentz, some real and personal property for life with remainder to his children. We copy the clauses of the will referred to which have application to the questions involved:

"Fourth. I devise to the Columbia Finance and Trust Company, of Louisville, Kentucky, all my real estate and all interest in or claims upon real estate, wherever situated in trust as provided in clause fifth of this will.

"Fifth. The said balance of personalty mentioned in clause third above shall be divided into three parts and one part shall be paid or delivered to my (son) B. Brewster Lentz, the other part shall be held in trust for my sons John F. Lentz and Alfred T. Lentz during their lives

and for their children after their deaths, the real estate
and interest therein shall be divided in the same way
and one-third conveyed to B. Brewster Lentz, and the
balance held in trust as above provided.

"Sixth. I devise that said Columbia Finance and
Trust Company shall have power as executor and trustee to sell and convey any and all my real estate for the
purposes of this will.

"Seventh. I recommend said trustee, if there is
enough money realized from real and personal
property to invest the shares of John T. Lentz and Alfred F. Lentz and their children in two small houses in
Louisville, Kentucky, as a home for them."

After the will was probated, the trustee received from
the personal and real property enough money to purchase
a house and lot situated on Woodland avenue and 26th
street, in Louisville, Kentucky, for a home for Alfred T.
Lentz and his children. It seems they resided in this
house for a while, but it appears that Lentz could not
obtain employment in the city to enable him to support
himself and family, so he instituted an action in the Jefferson circuit court and obtained a judgment directing
the trust company to purchase about twenty-two acres
of land near Beuchels' Station in Jefferson county. The
purchase was made at the price of $900 cash. This
money, as we understand it, was the income of the estate
devised to Alfred T. Lentz by his mother. Lentz moved
upon this twenty-two acre tract and began to farm and
garden and it appears, made a success of the business.
At the time he moved upon the twenty-two acres there
was an old house upon it, but it was barely habitable.
The house and lot in the city produced no income above
taxes, insurance, etc., and has become somewhat dilapidated and of considerable less value than when purchased.

The purpose of this action by Lentz and wife against
their children, all of whom are under age but over fourteen, is to have the house and lot on Woodland avenue
sold and the proceeds used to repair or erect a building
on the farm. The proof was heard; it sustained the allegations of the petition and showed that it would be beneficial to the children. The court directed a sale of the
house and lot in Louisville but reserved the disposition
of the proceeds for future orders of the court. The
property was appraised at $500, a sale was had and the

Globe Realty Co. purchased it, but filed exceptions to the report of sale alleging that it could not obtain a good title as the court had no power to sell the property and re-invest the proceeds in erecting a house upon or improving other real estate belonging to Lentz and his children. The court overruled these exceptions, and rightfully, as it clearly had a right under section 491 of the Civil Code to sell the property when it was made to appear that it was beneficial to the parties in interest. The property was an expense to them and was depreciating yearly in value. The court had a right to order this sale, even though it had no power to re-invest the proceeds in improving other property, and the court was clearly right in overruling the exceptions. Section 491, Civil Code, which authorized the sale closes with these words:

"Real property may be sold for re-investment of proceeds in other real property."

Appellees claim this language might be properly construed as authorizing the disposition of the real property in this case and re-investing the proceeds in repairing or erecting a dwelling on the farm, as this would be a re-investment in real estate in the meaning of the Code. This court has, however, repeatedly given a different construction to the Code, which we feel bound by and that it is better to adhere to. In the case of Hayes, et al. v. Bradley, 15 Ky. Law Rep., 387, the guardian sold sixteen acres of land for the purpose of obtaining money to erect buildings on the remaining part, and in that case the court used this language:

"The attempt to convert this sixteen acres into money, so as to erect a building on the remaining tract, was not authorized by the statute and the chancellor's jurisdiction being statutory, and the guardian by his petition seeking to do that which the statute did not permit, we must adjudge the sale not only erroneous but void."

To the same effect is the case of Falls City Real Estate & Building Association v. Vankirk, et al., 8 Bush, 459.

Under these authorities, the lower court must re-invest the proceeds of the house and lot in other real estate. But we find nothing in the will to prohibit the trustee from using other funds realized from the property

devised to appellee and his children, in repairing or erecting a building on the farm.

For these reasons, the judgment of the lower court is affirmed.