## Bowles' Guardian Ad Litem v. Johnson, et al.

### (Decided February 11, 1927.)

### Appeal from Pike Circuit Court.

1. Executors and Administrators—Purchasers at Judicial Sale of Property in Process of Administration Could Attack Void Judgment Under which Sale was Ordered.—Where judgment under sale of property in process of administration was had was void, because of failure to join as defendant, infant daughter of intestate, purchasers at sale, in suit to set aside sale bonds, could attack judgment, as judgment void on its face confers no rights, and doctrine of caveat emptor did not apply.

2. Judicial Sales—Judgment Confirming Judicial Sale is Distinct from Judgment Authorizing Sale, as Affects Vacation of Sale.—Judgment by which sale is confirmed is separate and distinct from judgment under which sale is made, as regards right to have it set aside.

3. Judicial Sales—Purchaser at Valid Judicial Sale is Bound by Order of Court Confirming Sale as in Case of Defendant Judgment (Civil Code of Practice, Sections 344, 518).—Where purchaser buys at valid judicial sale, court, having confirmed sale, is without jurisdiction to vacate or modify it at subsequent term, as purchaser is required to take notice of proceedings as if formally served with process, relief for irregularity not discovered before confirmation being by application for new trial, under

Civil Code of Practice, section 344, or application for vacating judgment, under section 518.

4.  Judgment—Void Judgment May be Collaterally Attacked as to Rights Claimed Thereunder,—As void judgment can neither bestow nor extinguish any right, right asserted thereunder may be attacked collaterally.

5.  Executors and Administrators—Purchasers Under Void Judgment Could Set Aside Sale of Property in Process of Administration, in Spite of Confirmation, where Judgment Confirming Sale was Also Void.—In suit by purchasers at judicial sale of property in process of administration, where judgment under which sale was had was void for failure to join infant daughter of intestate, sale could be set aside, notwithstanding judgment of confirmation was entered, where infant was not before court at time of confirmation; judgment of confirmation being void, as well as judgment ordering sale.

6.  Executors and Administrators—Judicial Sale of Intestate's Property Under Judgment Void as to Infant Daughter Should be Set Aside at Instance of Purchasers, Though Beneficial to Infant.—Sale of property in process of administration, under judgment void because of failure to join intestate's infant daughter, should be set aside in suit by purchasers, though sale was advantageous as to price and beneficial to infant; void judgment being nullity.

7.  Executors and Administrators—Whether Sale Under Judgment, Void as to Intestate's Infant Daughter, was Valid Because Widow and Mother had Been Parties, Could Not be Considered, in Absence of Objection by Them to Setting Aside Sale.—In suit to set aside judicial sale of intestate's property in process of administration, under judgment void because infant daughter was not made party, court could not consider effect on judgment of fact that widow and mother of intestate had been parties, where they did not object to setting aside sale or join in appeal.

J. P. HOBSON, JR., for appellant.

MOORE & CHILDERS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

After our decision in the case of Bowles, et al. v. Bowles, Jr.'s, Admr., et al., 211 Ky. 250, 277 S. W. 260, the appellees, whom we shall call the purchasers, filed an intervening petition in that action by which they sought to obtain the cancellation of certain sale bonds executed by them for property purchased at judicial sale. They were successful. The court accorded them the relief sought and this appeal is prosecuted from the judgment according them that relief, by the guardian *ad litem* for Joe Mack Bowles.

John C. Bowles, Sr., died intestate in June, 1910, and left surviving him his widow, Malinda Bowles, now Malinda Rutroff, and one son, John C. Bowles, Jr., and to John C. Bowles, Jr., there passed under our laws of descent and distribution, the real estate of John C. Bowles, Sr., subject, of course, to Mrs. Rutroff's right of dower therein. John C. Bowles, Jr., died intestate in August, 1922, and left surviving him his widow, Nola Bowles, and an infant daughter, Joe Mack Bowles, then less than two years of age, and to them the property of John C. Bowles, Jr., passed under our laws of descent and distribution. John C. Bowles, Jr., owed a great deal of money, and a suit was brought to settle his estate, and to sell a portion of his real estate for the payment of his debts. His mother, Mrs. Rutroff, made a claim for dower in this property as the widow of his father, and Nola Bowles also claimed dower in this property as his widow. See Bowles v. Rutroff, 216 Ky. 557, 288 S. W. 312. The little girl, Joe Mack Bowles, was not made a party defendant. The court entered a judgment directing the master commissioner to sell certain property of John C. Bowles, Jr., for the payment of his debts. On February 4, 1924, some property known as the Division street property was sold for $20,100.00 and was purchased by the appellees, Johnson, et al. This sale was regularly reported, the report laid over for exceptions, no exceptions were filed, and on March 19, 1924, the sale was confirmed. The debts proven against the estate of John C. Bowles, Jr., exceeded the expectations of the parties, and it became necessary to sell more property. On June 2, 1924, under this same judgment the master commissioner sold certain property known as the College street property, which was purchased by C. C. Bowles and Mack Bowles. That sale was reported, whereupon C. C. Bowles and Mack Bowles filed exceptions. Their exceptions were overruled and they appealed, and in the case of Bowles v. Bowles, *supra,* we held their exceptions were well taken, that the judgment under which the property had been sold was void because the little girl, Joe Mack Bowles, had never been made a defendant. Thereupon Johnson, et al., filed an intervening petition in this original proceeding setting up these facts, asking for a cancellation of the sale bonds, which they had executed, and seeking to recover of the estate of John C. Bowles, Jr., the money they had paid on these sale bonds. A short time before, the little girl, Joe Mack Bowles, had been

made a party defendant, and J. P. Hobson, Jr., had been appointed her guardian *ad litem,* whereupon he filed a response to this intervening petition in which he sets up and relies upon this order entered by the Pike circuit court:

"John Scott, master commissioner of this court, having heretofore and on March 10, 1924, filed his report of sale herein showing a sale of the Division street property to J. M. Johnson, R. L. Taylor, Allen Taylor, and J. Mont Lowe, at a price of twenty thousand, one hundred dollars ($20,100.00) on a credit of six, twelve and eighteen months, and no exceptions having been filed or taken thereto, it is ordered that said report be, and the same is hereby confirmed."

He insists that by this order the court has confirmed this sale, and that no one has a right to attack it except the infant defendant, Joe Mack Bowles. He insists that by virtue of this judgment of confirmation, the intervening petitioners and their bondsmen are obligated to pay the whole of the purchase price of the property bid for by them, and that after they have paid it they will be entitled to a lien for it upon the Division street property. Johnson, et al., filed a demurrer to this. Their demurrer was sustained and the court entered a judgment in which it was adjudged that the judgment entered in November, 1923, ordering a sale of this property be set aside, that the sale bonds executed by Johnson, et al., are null and void and are cancelled. From this judgment, Joe Mack Bowles, through her guardian *ad litem,* has prosecuted this appeal, questioning the right of the court, after the confirmation of this sale to afford to these purchasers any relief, and insisting that the doctrine of *caveat emptor* applies to purchasers at judicial sales, and a number of cases have been cited in support of the position taken. This liability of purchasers at judicial sales under the doctrine *of caveat emptor* has been a very fruitful source of appeals in this state since the adoption of our Code of Practice. Previous to that time, any substantial error to the prejudice of the party complaining and apparent in the record was sufficient to authorize a bill of review, but since then in a number of cases it has been held that a judgment confirming a sale cannot be vacated by the court which rendered it after the term at which it was rendered, except upon the grounds and

in the mode mentioned in sections 344, 518 and 520 of the Civil Code. The appellant has cited and has relied upon the case of Beale v. Stroud, 191 Ky. 755, 231 S. W. 522, in which case certain land had been sold as the property of Eva Stroud and the sale had been confirmed without exceptions and the purchaser had paid for the land. It was afterwards discovered that Eva Stroud had no title to the land whatever, and the purchaser, Beale, was ousted from its possession. He sought to recover of Eva Stroud, et al., the purchase price. A general demurrer was sustained to his petition and that action was affirmed by this court. A vast number of cases might be cited to the same effect. For example, the case of Williams, et al. v. Glenn's Admr., 87 Ky. 87, 7 S. W. 610, 9 R. 941, 12 Am. S. R. 461; Trigg v. Jones' Admr., 102 Ky. 44, 42 S. W. 848, 19 Ky. L. R. 1009; Rochester, et al. v. Owen, 197 Ky. 170, 246 S. W. 32; Dotson v. Merritt, 141 Ky. 155, 132 S. W. 181; McGuire, et al. v. Garrett, 207 Ky. 714, 270 S. W. 4; Fox, et al. v. McGoodwin's Admr., 56 S. W. 515, 21 Ky. L. R. 1776; Bank v. Peter, 13 Bush 591; Schlosser v. Murnam 20 R. 1468, 49 S. W. 421; Kincaid v. Tutt, 88 Ky. 392, 10 R. 1006, 11 S. W. 297; Bean, et al. v. Haffendorfer Bros., 84 Ky. 685, 2 S. W. 556, 3 S. W. 138, 8 R. 739; Humphrey's Exr. v. Wade, 84 Ky. 391 8 R. 384, 1 S. W. 648; Costigan v. Truesdale, 119 Ky. 70, 83 S. W. 98, 26 R. 971, 115 A. S. R. 251; Thompson v. Brownlee & Co., 25 Ky. L. R. 622, 76 S. W. 172; McNeil v. Thompson, 84 S. W. 1145, 27 Ky. L. R. 289; McNeil v. Thompson, 178 Ky. 90, 198 S. W. 571, and many others. In all of these cases the court has adhered to the doctrine of *caveat emptor*, which merely means that the court does not give any warranty of title when property is sold under its order, and a careful examination of these cases will disclose that in each instance the ground for the purchaser's complaint was either that there was some defect in the title of the judgment defendant, that some undisclosed lien had been discovered to exist upon the property, or that the judgment was erroneous. It is well to note, before going further, that the judgment by which a sale is confirmed is a separate and distinct matter from the judgment under which the sale is made. When a man buys at a valid judicial sale, he thereby becomes a party to the action and it is just as incumbent upon him to take notice of the proceedings thereafter as if he had been formally

served with process. If he allows these proceedings to pass unheeded, if he files no exceptions and allows the sale to be confirmed, he is, after its confirmation, in exactly the same position that a defendant is in when he allows a default judgment to be taken against him. After the sale is confirmed, and after the adjournment of the term of court at which it is confirmed, the court that entered the order confirming the sale is without power to vacate or modify it in any way, and if no exceptions have been filed there is no relief this court can give the purchaser if he appeals. If, after such a sale is confirmed, he discovers something which he did not know before, and the term of court at which the order of confirmation was made has ended or 60 days have passed in courts of continuous session, his relief must be found under either section 518 or section 344 of the Civil Code; but while these things are true and these cases that we have cited are all to this effect, we have another line of cases beginning with the case of Carpenter v. Strothers' Heirs, 55 Ky. (16 B. Mon.) 290, wherein a sale was ordered in August, 1853, at which Carpenter bought. The sale was confirmed in June, 1854. Afterwards, Carpenter moved to quash the sale and the sale bonds, his motion was overruled and he appealed and this court held the sale was void, the purchaser got nothing by it and the court had the power to quash the sale and the sale bonds.

To the same effect is the case of Barrett v. Churchill, 57 Ky. (18 B. Mon.) 387; McGowan, et al. v. Way, 58 Ky. (1 Metc.) 418; Woodcock v. Bowman, 61 Ky. (4 Metc.) 40; Watts v. Pond, et al., 61 Ky. (4 Metc.) 61; Falls City Real Estate & Building Assn. v. Van Kirk, 71 Ky. (8 Bush) 459; Wyatt v. Grider, 158 Ky. 440, 165 S. W. 420; Nornack v. Loar, et al., 11 Ky. L. R. 6, 11 S. W. 538. The difference between the first line of cases and the second is this, that in the first line of cases the judgments were valid, though perhaps erroneous, but the title of the judgment defendants was bad, or the property was encumbered, whereas, in the second line of cases the judgments were void, but the titles of the judgment defendants were good. The purchasers in the first line of cases got such title as the judgment defendants had, whereas in the second line of cases the purchasers got nothing. In the recent case of Coleman, et al. v. Mullins, reported in 216

Ky. 761, 288 S. W. 701, we had before us for considera-
tion a void judgment and we said of it:

> " 'A judgment void upon its face and requiring
> only an inspection of the record to demonstrate its
> validity is a mere nullity, in legal effect no judgment
> at all, conferring no right and affording no justifi-
> cation. Nothing can be acquired or lost by it. It
> neither bestows nor extinguishes any right and may
> be successfully assailed whenever it is offered as a
> foundation for the assertion of any claim or title.' " .

What we said there applies here, and having in the case
of Bowles v. Bowles, *supra,* held that this judgment was
void, it follows that it can neither bestow nor extinguish
any right, and can be successfully assailed whenever it
is offered as a foundation for the assertion of any claim
or title. The guardian *ad litem* for the infant defendant, ·
however, calls sharply to our attention the distinction
between the judgment ordering the sale and the judgment
confirming the sale, and is stoutly insisting that though
the judgment ordering the sale may be void, the judg-
ment confirming the sale may be valid. There might be
something in the position he is taking if it were not for
the fact that the infant defendant, whose rights are
affected by the judgment, was not properly before the
court when the judgment was rendered by which the sale
was ordered, and that, therefore, that judgment was void, .
nor was she properly before the court when the judg-
ment was rendered confirming the sale, and by a parity
of reasoning, it must follow that judgment also is void.
Therefore there was no error in the action of the trial
court in setting aside and cancelling these sale bonds.
After a sale is confirmed, and the court has, by the ex-
piration of the term, or in courts of continuous session,
after sixty days, lost control over the order of confirma-
tion, the purchaser can only obtain relief upon such
grounds as the judgment defendant could obtain relief
against him. If the court had no jurisdiction, either for
want of service of process, or because special proceedings
were not carried on in substantial compliance with a stat-
ute, in this case because the infant landowner was not
made a defendant, in short, if the judgment of sale is
void, and the purchaser cannot under it, sustain his pos-
session against the very party, whose title he, is supposed

to have bought, he may have the sale vacated even after it has been confirmed.   But where the sale is within the jurisdiction of the court, but the title sold is defective (no matter how grossly so), the maxim of *caveat emptor* applies as fully as if the parties to the suit owning the land, or holding interests therein, or liens thereon, had joined without fraud, in a conveyance to the purchaser, without warranty or covenant of title.

The guardian *ad litem* here, with commendable zeal is insisting that at this sale the infant's property brought a better price than it will ever bring again, and that, as it was so very beneficial to the infant, it should, in equity, be confirmed.   We have found a case where this court did confirm such a sale under such circumstances after it had previously held the sale void.   We refer to the case of Woodcock v. Bowman, 63 Ky. (2 Duv.) 508, wherein upon a similar petition on behalf of an infant, we upheld the confirmation of a sale that in the case of Woodcock v. Bowman, 61 Ky. (4 Metc.) 40, we had held to be void; that was done, however, under a curative statute passed probably as a part of the legislation that was deemed to be made necessary by the war then prevailing between the states of this nation.   A similar ruling will be found in Thornton, et al. v. McGrath, et al., 62 Ky. (1 Duv.) 350.   To sustain the contention of the guardian *ad litem* we would have to hold this sale was not void, but was voidable at the election of the infant, and allow this sale to stand because beneficial to the infant as was done in the last two cases.   These cases came under this curative statute which passed away with the return of peace, and we have since in Elliott v. Fowler, 112 Ky. 376, 23 Ky. L. R. 1676, 65 S. W. 849, elaborately reviewed and restated the law upon the sale of infants' real property, and held that such a sale was void, unless all the provisions of the statute authorizing the sale have been strictly complied with.

Some suggestion has been made here that Malinda Rutroff and Nola Bowles were both *sui juris,* and were parties to this proceeding, and that therefore this judgment ordering this sale was not wholly void.   If Malinda Rutroff and Nola Bowles were here complaining, that question would be before us, but when the judgment was rendered, setting aside this sale and cancelling these sale bonds, no objection was made thereto by either Mrs. Rut-

roff or Nola Bowles.   No exception was reserved by them to the court's action, and they have made no complaint to us, and are not parties to this appeal.

The judgment is affirmed.

The whole court sitting.