CASE 60—ACTION TO ENFORCE AN ALLEGED TRUST—Nov. 28.

# Johnson, &c. v. Poff, &c.

### APPEAL FROM BELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

TRUSTS—PURCHASE OF TRUST PROPERTY BY TRUSTEE—LACHES.

Held: Where an administrator purchased his intestate's land at a sale made in a suit brought by him to settle the estate, a constructive trust will not be adjudged in favor of the heirs, who did not question the validity of the sale until about thirty years after it was made, and until thirteen years after the youngest heir arrived at age.

WELLER & HAYS AND J. M. UNTHANK, ATTORNEYS FOR APPELLANT.

1. Demurrer to Petition—Limitation. Under our Civil Code, section 92, sub-section 4, a demurrer is a pleading, and we think pleaded the statute of limitation as effectually in this case, as if the statute had been pleaded in the answer. If Johnson bought this land in 1868, in trust for the appellees, because of his position as administrator of W. D. Green, it was a constructive trust against which the statute would run. The petition shows the appellees are barred by lapse of time and also shows that they are not within any of the saving clauses of the statute, and hence the statute of limitation can be pleaded by demurrer. 1 Met., 147; 2 Bush., 556; 5 Bush., 86; Perry on Trusts, 4 ed., vol. 2, sec. 862.

2. The fact that the appellees were infants when their father died will not relieve them. The statute having begun to run, continued and was complete three years after the youngest child arrived at age, and the disability of coverture could not be added to that of infancy so as to prevent or suspend the statute. Clark v. Jones, 16 B. M., 128; Ky. Stats., sec. 2506, 2538. It is manifest from the petition that only infancy existed as to any of the appellees when the right of action accrued, and therefore coverture could not be added so as to suspend the statute.

3. Trust—Trustees. It is a well-settled rule that real estate of a decedent is not assets in the hands of the administrator, and it has never been decided by this court that an administrator may not buy lands belonging to his intestate, sold by judgment of court, at the suit of the administrator to ·pay off the debts of

the decedent. In this case the administrator of W. D. Green, with his own money, purchased the lands of the decedent, paid a full value therefor, discharged that much of the decedent's debts, and took the title in his own name. The answer denies that he bought the land in trust. No trust is shown in the record and no intention shown by Johnson, the purchaser, to hold the land as trustee for any one. Schouler's Exr. & Admr. (2d ed.), secs. 358-363; Ely v. Horine, 5 Dana, 398; Perry on Trusts (4th ed.), vol. 1, sec. 129.

D. B. LOGAN, ATTORNEY FOR APPELLEES.

1. Limitation, to be available as a bar to an action, must be pleaded. A general demurrer will not supply the lack of the plea. Board v. Jolly, 5 Bush, 86; Rankin v. Turney, 2 Bush, 556.
2. The trust alleged to exist is sufficiently established by the testimony.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

W. D. Green was killed in the year 1863. He left surviving him four children and his widow, Nancy, who afterward intermarried with George Johnson. The oldest child was eight years old and the youngest about one. Nancy Green, the widow, was the daughter of Rice W. Johnson, who acted as administrator of the estate of W. D. Green, and soon after his death filed a suit to settle the estate in the Harlan Circuit Court. In that suit it appeared that the estate was insolvent, and an order was entered for a sale of all the land of the decedent, subject to the widow's dower, which had in the meantime been allotted to her.

The land was sold under this judgment by the master commissioner, and Rice W. Johnson, the plaintiff in the action, purchased it. The sale was confirmed, and the proceeds of the land were applied to the payment of the debts; but the land and personalty together paid only fifty per cent. of the debts. Soon after he bought this land, Rice W. Johnson settled James Johnson, one of his sons, on one tract of it, John W. Johnson, another son, on another tract,

and the widow, Nancy Green, on a third tract, which was the same land allotted to her for dower. No deed was made to Rice W. Johnson for some reason until October 29, 1878.

On June 9, 1879, Rice W. Johnson conveyed to John W. Johnson his tract of land in consideration, as recited in the deed, of the sum of $500 and love and affection. On January 13, 1885, he conveyed to James Johnson, in consideration of love and affection, and, as recited in the deed, "I having given to my other children the same proportion," the tract on which James Johnson lived; and on the same date he conveyed to Nancy Johnson the tract she lived on for a like consideration.

On April 13, 1885, John W. Johnson and wife conveyed his tract of land to James Johnson in consideration, as recited in the deed, of $900, to him in hand paid. On December 16, 1890, Nancy Johnson, then a widow, and her son Gillis Johnson, by her second husband, in consideration, as recited in the deed, of $325, cash in hand paid, conveyed their interest in her tract of land to James Johnson; and on November 2, 1891, she and Rice W. Green, her son by her first husband, in consideration of $275, united in a deed to James Johnson for the same land. After this Nancy Johnson died in the year 1892; James Johnson died the following year, 1893; and Rice Johnson, their father, died a year after, in 1894.

In 1895, appellees, the four children of Nancy Green, afterwards Nancy Johnson, by her first husband, W. D. Green, including Rice Green, who had joined with her in the deed above referred to, filed this suit against the children and grandchildren of James Johnson to recover the land. They alleged that, Rice W. Johnson being the administrator of their father's estate, and the plaintiff in the

action in which the land was sold, his purchase of the land inured to their benefit; and they also alleged that he in fact bought and held the land in trust for the widow and children of W. D. Green. The allegations of the petition were denied, and on final hearing the court below adjudged the land to the appellees, subject to a lien for the amount he had paid, and directed an account to be taken of rents, profits and improvements.

The proof wholly fails to sustain the allegation that Rice W. Johnson bought the land in trust for appellees, or held it in trust for them. The estate of their father was admittedly insolvent; for, after everything was sold, it only paid fifty cents to the dollar on the debts. There is not only no proof that Rice W. Johnson held the land in trust for appellees, but every fact in the record shows that he held it adversely. He not only settled two of his sons upon it, and conveyed to them two tracts out of it, but conveyed to the widow the tract she held; and all of them evidently used the land as their own.

While it is true that a trustee purchasing at his own sale may, at the election of the *cestui que trust,* be treated as holding the property so purchased in trust for him, this election he must make seasonably, and, if he fails to do so, equity will not disturb the purchaser.

The youngest child of W. D. Green became of age about the year 1882; the others some time before that. They had all been raised on this land, or near it; and it was incumbent on them in a reasonable time after arriving at age to set up their right to the land. This they failed to do, and they can not, after the death of their mother, their grandfather, and their uncle, James Johnson, be allowed to set up the claim after so great a lapse of time, when James Johnson has evidently purchased part of it in good faith,

and has for so many years held all of it as his own. The rule established by the preponderance of American decisions is thus stated in Schouler, Ex'rs, section 358: "They (the decisions) hold that, at all events, a purchase by the representative is not absolutely void, but voidable only by persons interested in the estate, at their option; nor even by these if they have directly sanctioned or acquiesced in the transaction, or if, from their laches and delay, acquiescence on their part may legally be fairly inferred to the quieting of title."

Further on in the same section he says that relief will be granted "upon the timely application of any party interested in the estate." In Scott v. Freeland, 45 Am. Dec., 310, the rule is thus stated on facts not so strong as in this case: "It is not necessary that there should be an express assent to the purchase. It is often implied from circumstances, one of the strongest of which is a failure to take immediate steps, on coming of age, to have the sale set aside, provided the party knew of it. The *cestui que trust* may elect to treat the sale as valid, if he will, and such election will be implied from any unreasonable delay in taking steps to set it aside. If he should desire to have it set aside, the law requires that at least a reasonable degree of vigilance should be adopted. To lay down any precise rule on this subject is impossible, in the nature of things. Each case must be governed by its own peculiar circumstances. Supposing these complainants to have been adults at the time of sale, the lapse of time between that and the filing of the bill would undoubtedly be regarded as a confirmation. In regard to the contract of an infant, which is voidable, Chancellor Kent says a confirmation may be justly inferred against him after he has been of age for a reasonable time, either from his positive acts in

favor of the contract, or from his tacit assent under circumstances not to excuse his silence.  2 Kent. Comm., 238. With regard to the oldest of the complainants the delay has been so great as to imply an affirmance.  It was his duty to have manifested his dissent at an earlier day, and so with the next oldest.  It is not like the case of a positive bar from a statute of limitations, which would only commence to run when the youngest became of age. It was competent for the elder heirs to have filed their bill before the youngest became of age, and their neglect to do so must operate against their pretensions.  But even as to the youngest there was a want of vigilance, which under the circumstances, must operate to his prejudice."

It is very clear in this case that the application of appellees to have the purchase made by Rice W. Johnson some thirty years before adjudged a constructive trust in their favor is not timely, or made with reasonable diligence, and that their petition should have been dismissed.

Judgment reversed, and cause remanded for a judgment and further proceedings not inconsistent with this opinion.