CASE 75—ACTION BY BIDDIE WATKINS AND OTHERS
AGAINST THE NORTHERN COAL AND COKE COM-
PANY TO RECOVER A HALF INTEREST IN CER-
TAIN LAND.—March 10, 1909.

# Watkins, &c. v. Northern Coal & Coke Co.

Appeal from Knott Circuit Court.

D. W. GARDNER, Circuit Judge.

Plaintiffs' petition dismissed and they appeal—
Reversed.

1. Judgment—Evidence of Title—Right to Disregard.—A judg-
ment relied on simply as evidence of title in a case wherein
it was not sought to set it aside cannot be disregarded unless
it is void.

2. Judgment—Collateral Attack—Presumptions.—When a judg-
ment is collaterally attacked long after it was rendered, it
will be presumed the court acted regularly, though the record
may not evidence the fact.

3. Motions—Orders—Presumptions—Making of Orders—Neces-
sity of Entry.—It cannot be presumed that the court made
orders not on its own order book; for there can be no order
of the court not entered on such book, and signed by the
judge.

4. Guardian and Ward—Sale of Real Estate—Validity—Taking
Bond of Guardian—Necessity of Order of Court—"Taken."—
Civ. Code Prac. Section 493, provides as to the proceedings
under section 489, subd. 3, by a guardian to sell and to main-
tain and educate his ward, that he must give a bond which
by subdivisions 2 and 3 must be approved by the court and
recorded with an order of sale and certified by the clerk of
the court, who shall deliver it to the county clerk to be
recorded and indexed, and, if it be not given, any order of
sale or conveyance made thereunder shall be void. Held,
that a bond was not taken within the meaning of the statute
unless it was taken by an order of the court, which could

only speak by its orders, and, if there be no order, it was not taken and approved by the court, and the sale was void, as the statute expressly declares.

G. W. FLEENOR and J. M. BAKER for appellants.

SMITH & COMBS and HAGER & STEWART for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On November 8, 1884, Morgan Baldridge and wife conveyed by deed to Robert Baldridge and Mary Jane Baldridge, his wife, in consideration of $400, a tract of land lying in Knott county. After this, and about the year 1891, Robert Baldridge died, leaving surviving him his wife, Mary Jane Baldridge, and four children, then ranging from one to seven years old. By the deed above referred to, the title to the tract of land was vested in the husband and wife jointly, and at his death his half descended to his four children subject to his widow's rights. This suit was brought by the four children against the Northern Coal & Coke Company, etc., to recover their half interest in the land. The court upon a hearing of the case dismissed their petition, and they appeal.

The defendants claim the tract under a judicial sale in a suit of the mother as guardian for her children after the death of her husband; and the only question to be decided is: Was that proceeding void? There is a marked difference between the effect given a judgment when it is attacked collaterally and when it is directly attacked as by an appeal from it or a petition to set it aside. The judgment in the case referred to, being relied on in this case simply as evidence of title, and there being no proceeding here to set

it aside, cannot be disregarded unless it is void. And, when a judgment is thus attacked collaterally after many years, the persons attacking it are met with the presumption that the court acted regularly, although the evidence of this fact may be absent from the record. In the petition filed by the guardian against her children for the sale of the land, it was averred that the land was worth about $400; that each share of each of the defendants in the land was worth about $50; that this was all the property they had; that they were of tender years, and unable to support themselves; that it was necessary to sell the land for their support and education; and that this would redound to their interest. On this petition, after certain depositions and the report of the guardian ad litem had been filed, the court entered an order directing a sale of the infants' undivided half of the tract. It was sold and purchased by John Moore for $200. The sale was confirmed, and a deed was made to Moore. The other defendants claim under him. In the petition the mother averred that she owned one undivided half of the tract of land and the children the other half; thus waiving all claim that she might have had to dower in it. The proceeding to sell the land was under section 489, subsec. 3, Civ. Code Prac., which is as follows: "A vested estate of an infant or of a person of unsound mind, in real property ,may be sold by order of a court of equity. * * * (3) In an action by a guardian against his ward, for a sale of the estate for the maintenance and education of the ward." The proceeding was not based on section 490, providing for the sale of real property jointly owned by two or more persons; for it was not averred that the property was indivisible, nor was there any effort

to sell the whole property.  The purpose was to sell only the half of the land belonging to the infants.  The share of each owner was not worth less than $100, as the mother owned half of the land and her share under the allegations of the petition was worth $200. The proceeding, being then under section 489, is governed by section 493, which provides that a bond must be given by the guardian in cases of this sort; and among other things the section contains these provisions: "(2) The court shall indorse its approval on each bond, which shall be recorded with the order of sale, and certified by the clerk of said court, who shall deliver it to the clerk of the county court, and it shall, by him, be recorded and properly indexed.  (3) If the bond be not given, any order of sale, and any sale or conveyance made under such order, shall be absolutely void and of no effect."

No bond was given by the guardian as provided in this section; and therefore under the mandate of the statute the proceeding was void.  It is insisted for the appellees that we should presume that a bond was given.  It has been held that it may be presumed in the case of a judgment which is attacked collaterally that a summons was issued and served, or that an affidavit was filed with the clerk for a warning order, although they are not found in the record.  But the summons or the affidavit may be lost out of the record, and there is no way of showing that they may not have been in the record; but, when we have the order book of the court, we know what orders the court made.  It cannot be presumed that the court made orders that are not on the order book; for there can be no order of the court not entered on the order book and signed by the judge.  The statute only pro-

vides for the taking of a bond, but it requires that it shall be recorded with the order of sale, and that it shall be approved by the court. The bond is not taken within the meaning of the statute, unless it is taken by an order of court; for the court can only speak by its orders. If there is no order of court taking the bond and approving it, the bond has not been taken or approved by the court. To hold otherwise would be to nullify the statute which declares that the proceeding shall be void if the bond is not given; for, if the orders of the court failing to show that a bond was taken do not show that the statute has not been complied with, there would be no way by which a violation of the statute could be established, and the provision that, if no bond is taken, the sale shall be void, would amount to nothing. The purpose of the statute is to protect infants, and such a construction must be given it as will make it effective for the purpose for which it was intended. As we have here the order book of the court and a complete transcript of all the orders entered in the action, it affirmatively appears that no bond was taken as provided by the statute, and under the express provision of the statute the sale was void, and the circuit court should so have adjudged.

Judgment reversed and cause remanded for a judgment as above indicated.

Petition for rehearing by appellee overruled.