CASE 25.—SUIT BY JAMES M. SAFFELL, AS GUARDIAN, AND
ANOTHER AGAINST JAMES M. SAFFELL, JR., AND
OTHERS FOR THE SALE OF THE INFANT DE-
FENDANTS' LAND.—June 2, 1909.

# Hughes v. Saffell

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Sale of land set aside and purchaser, Hughes, appeals.—Affirmed.

1.   Deeds—Conveyance from Husband to Wife—Estate Acquired
by Grantee—Fee Simple—"Child or Children and Assigns For-
ever."—A deed from a husband to a wife, made in consid-
eration of money which her father had advanced to her and
which her husband had received, conveying both land and
personal property, provided that the grantor "has given, grant-
ed, * * * and * * * does give, grant * * * with general
warranty title (for the sole and separate use and benefit of
herself and her child or children, free from the control and
debts of the party of the first part, with power in her to dis-
pose of the same by will or otherwise), unto the party of the
second part her child or children and assigns forever." Held,
that, as the entire consideration moved from her, the words
"child or children and assigns forever," were used in the sense
of heirs and assigns, and she took a fee simple thereunder.
2.   Curtesy—Life Estate in Land Conveyed by Husband to Wife.
—A husband is entitled to life estate in land which he con-
veyed to his wife by a deed under which she took a fee-
simple estate.
3.   Judgment—Setting Aside—Form of Remedy—Void Judgments.
—A proceeding to correct an error in a judgment, attacked
as erroneous, must be by petition, as directed by Civ. Code
Prac. Sec. 520; but, if the judgment is void it is a nullity, and
may be set aside on motion in the court which entered it
pursuant to the common-law rule which is recognized by
section 763, providing that a void judgment shall not be re-

versed till a motion to set it aside has been made and over-
ruled in the court which entered it.

4. Guardian and Ward—Sale of Infants' Land—Acceptance of
Surety on Bond.—A surety on a guardian's bond for the sale
of infants' land is not accepted by the court, in the absence
of an order approving the bond as signed by him.

5. Guardian and Ward—Sale of Infants' Land—Necessity and
Requisites of Bond.—Where a sale of infants' land is made
under the authority of Civ. Code Prac. Sec. 489, subsec. 3, their
guardian before the order or sale must execute a bond to
them, approved by the court and recorded, with at least
two sureties worth not less than double the value of the
land or any sale or conveyance therein is absolutely void,
as expressly provided by section 493 of the same title, and
a bond with one surety is not such as the statute requires,
and a sale where such a bond only was given is void.

6. Guardian and Ward—Sale of Land—Effect of Invalidity as
to Infants.—Though a sale under order of court may be void
as to the interests of infants therein, because of a defect in
their guardian's bond, it does not affect the validity of the
sale as to the life estate of their father.

LINDSAY & EDELEN and LESLIE W. MORRIS for appellant.

We think we are warranted in concluding:

1. That these infants having enjoyed the proceeds of their
land in carrying out the very purpose for which the action was
instituted, cannot now be heard to say in a court of equity that
the sale through which they obtained that result was a nullity;
and certainly not without restoring what they had actually re-
ceived. That they did not actually enjoy the proceeds of this
land must be taken as true, because they demurred to the re-
sponse which alleged it, and because they set the case down for
hearing without traversing that allegation.

2. An order of sale like any other judgment is within the con-
trol of the court which renders it during the entire term. The
court speaks continuously until it has lost the power to speak, and
therefore within the spirit of the code whose purpose is protec-
tion of the infants, not punishment to the purchaser, the bond
was executed before the order of sale became final.

3. The rule of statutory construction that the spirit of the
statute and not its letter is to be considered, does not require that
the purchaser of this land should be required to surrender it
when the infants have enjoyed the proceeds. Construing the

code to require this bond for the protection of the infants, the sale is not invalid where they do not need that protection.

4. The bond executed by the Taylors and approved by the court is a valid bond and the infants if they have lost anything by this proceeding, may recover on that bond; and this, whether it be a statutory or common law covenant.

Wherefore we most respectfully submit that the judgment below should be reversed.

GREENE, VAN WINKLE & SCHOOLFIELD for appellee.

POINTS AND AUTHORITIES.

1. Conveyance by husband to his "wife and child or children" vests life estate in wife with remainder in fee in children. McFarland v. Hatchett, 80 S. W. 1185, 26 Rep. 276; Fletcher v. Tyler, 92 Ky. 145, 12 S. W. 282; Smith v. Upton, 13 S. W. 721, 12 Rep. 28; Davis v. Hardin, 80 Ky. 672.

2. Before a court acquires the power to sell infant's land the averments of the petition must be proven and the Code peremptorily requires such evidence to be taken upon interrogatories. Civil Code, Section 126, subsections 1 and 574; Elliott v. Fowler, 65 S. W. 849, 23 Rep. 1676; Wimble v. Price, 66 S. W. 370, 23 Rep. 1939; Mattingly v. Read, 60 Ky. (3 Metc.) 524; Wells v. Cowherd's heirs, 59 Ky. (2 Metc.) 514; Woodcock v. Bowman, 61 Ky. (4 Metc.) 40.

3. The action to sell this land was under Section 489, subsection 3, Civil Code, and the order of sale was void. No bond whatever had been given by the guardian when made and no bond required by the Code was ever executed. Civil Code, Sections 489, Subsec. 1 and 3; Phillips v. Spalding, 102 S. W. 1195, 31 Rep. 579; Hicks v. Jackson, 68 S. W. 419, 24 Rep. 218; Loeb v. Struck, 42 S. W. 401, 19 Rep. 935; Cornell v. Cornell, 115 S. W. 795; Elliott v. Fowler, 65 S. W. 849, 23 Rep. 1676; McGowan v. Way, 58 Ky. (1 Metc.) 418; Barber's Adm'r v. Hopewell, 58 Ky. (1 Metc.) 260; Wyatt v. Mansfield's heirs, 57 Ky. (18 B. Mon.) 779; Isert v. Davis, 32 S. W. 294, 17 Rep. 686; Hulsewede v. Churchman, 63 S. W. 1, 23 Rep. 487.

4. Slight diligence would have shown appellant the judgment and sale were void, and as between them the infants are the innocent parties. Elliott v. Fowler, 65 S. W. 849, 23 Rep. 1676.

5. Procedure by motion is the only proper method of reaching and setting aside a void judgment. Civil Code, Sec. 763; Hager v. New South Brewing Co., 90 S. W. 608, 28 R. 895; Easterling v. Chiles, 93 Ky. 315, 20 S. W. 227.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On March 4, 1880, James M. Saffell executed to his wife, Martha F. Saffell, the following deed: "This indenture made and entered into this 4th day of March, A. D. 1880, between James M. Saffell, of the first part, and Martha F. Saffell, his wife, of the second part, both of the county of Franklin and state of Kentucky, witnesseth: That whereas, the party of the first part has heretofore received six thousand and nine dollars ($6,009) from Lewis A. Berry, Sr., father of the party of the second part as a gift to her, now this indenture witnesseth: That the party of the first part in consideration of the premises, and also of the love and affection he has and bears towards the party of the second part, has given, granted, aliened and conveyed, and by these presents does give, grant, alien and convey with general warranty title (for the sole and separate use and benefit of herself and her child or children free from the control and debts of party of the first part with power in her to dispose of the same by will or otherwise) unto the party of the second part, her child or children and assigns forever, the following described real and personal property, to wit: [Here follows description]—together with all and singular the appurtenances thereunto belonging, or in any wise appertaining. Also all furniture (kitchen and household), useful and ornamental, contained in said family residence. In witness whereof the party of the first part has herunto set his hand and affixed his seal the day and date first above written. James M. Saffell."

Martha Saffell died on February 21, 1897, leaving surviving her her husband, James M. Saffell, and one child, Phythian Saffell.   Phythian Saffell died on July 24, 1899, leaving surviving him his wife, Fanny A. Saffell, and three children, Frances T., Agnes T., and James M. Saffell, Jr., all infants under fourteen years of age.   James M. Saffell, the grandfather, qualified as the guardian of the three infant children, and on December 14, 1904, brought this suit in his own name individually and as guardian of the three children, Fanny A. Saffell also joining with him as plaintiff, against the three children, setting out in his petition the deed above referred to, alleging that he was entitled as tenant by the curtesy to a life estate in the land, which contained three or four acres with a dwelling house thereon, and was of value about $2,500.   He also alleged that the property could not be divided without impairing its value, that a sale of it was necessary for the maintenance and education of the infants, and would redound to the interest of all parties concerned.   He prayed a sale of the land and a judgment settling the rights of the parties in the proceeds of the sale.   A guardian ad litem was appointed for the infants.   Proof was taken, and on final hearing the court ordered the land sold.   The sale was made on June 5, 1905.   Ben S. Hughes became the purchaser of the property for the sum of $2,125.   The appraised value of the land was $2,500. The sale was reported to the court and was confirmed. The court adjudged that James M. Saffell's life estate in the property was of value $348.88, and he directed the remainder of the proceeds after paying the cost to be paid to James M. Saffell as guardian

of the three infants. This was done. On September 7, 1908, James M. Saffell having died, and Charles B. Schoolfield having qualified as guardian of the three infants, a motion was entered by him in the name of his wards to set aside as to them the judgment and order of sale and all proceedings had thereunder subsequent to the judgment, for the reason that the judgment and all proceedings had in the action were void. On the hearing of this motion, it was sustained by the court, and the purchaser, Ben S. Hughes, appeals.

The first question to be determined is what estate Martha Saffell took in the land under the deed? It will be observed that the only party of the second part in the deed is Martha F. Saffell. It will also be observed that the consideration for the deed moved wholly from her. The deed was made in consideration of money which her father had advanced her which her husband had received. The deed conveys both land and personal property, and the title to the personal property is the same as the title to the realty. It provides that it is "for the sole and separate use and benefit of herself and her child or children, free from the control and debts of the party of the first part, with power in her to dispose of the same by will or otherwise, unto the party of the second part her child or children and assigns forever." It was plainly not the purpose of the deed to create a life estate in Mrs. Saffell. She is given power to dispose of the property by will or otherwise, and she alone is made the party of the second part. As the entire consideration moved from her, we think the court properly held that the words "child or children and assigns forever" were used in the sense of heirs and assigns,

and that she took a fee simple under the deed. This being so, the court properly adjudged that James M. Saffell was entitled to a life estate in the property.

It remains to determine whether the judgment and sale were void as against the infant defendants. It is earnestly insisted that the court was without power upon a mere motion at a succeeding term to set aside the judgment and sale, and that the only proceeding by which he could vacate the judgment was by a petition filed under section 520 of the Civil Code of Practice. If the judgment was attacked as erroneous, and the purpose of the proceeding was to correct some error in the judgment, then the proceeding must be by petition, as directed by section 520; but, if the judgment is void, it is a nullity, and, if it is a nullity, it may be set aside upon motion in the court which entered it. This was always the common law rule, and it is recognized by section 763 of the Civil Code, which provides that a void judgment shall not be reversed until a motion to set it aside has been made and overruled in the court which entered it. The infants could not appeal from the judgment without making a motion to set it aside, and, if it is void, the circuit court properly set it aside, for it would be a vain thing to require a motion to be made in the circuit court to set aside the judgment before an appeal may be taken, if the circuit court is without any authority when the motion is made to grant relief. The sale was made under section 489, subsec. 3, of the Civil Code, which authorizes the sale of an infant's estate for his maintenance and education; but section 493 of the same title provides as follows: "(1) The guardian of each infant, the committee of each person of unsound mind, and the husband or

next friend of each married woman, must, before the sale is ordered, execute a bond to the infant, infant married woman or person of unsound mind, with at least two sureties, worth not less than double the value of the estate to be sold, in substance as follows: 'We, ———, principal, and ———, sureties, bind ourselves to ——— that the said ——— as guardian (or committee or husband or next friend) will faithfully discharge all his duties as such, and will comply with the judgment and orders of the court in the action, and will account for, pay and deliver to the said ——— all money or property due or belonging to him (or her) when required.' (2) The court shall endorse its approval on said bond, which shall be recorded with the order of sale, and certified by the clerk of said court, who shall deliver it to the clerk of the county court, and it shall, by him, be recorded and properly indexed. (3) If the bond be not given, any order of sale, or any sale or conveyance made under such order, shall be absolutely void, and of no effect.''

No bond was executed io the infants or approved by the court before the sale was ordered, as far as the order of sale shows. The order of sale which was entered on January 17th is entirely silent on the subject of the bond. On January 28th the following is entered upon the order book of the court: ''Franklin Circuit Court. Jan. 28, 1905. Bond. James M. Saffell, &c., Plaintiffs v. Frances T. Saffell, &c., Defendants. We, James M. Saffell, principal, and E. H. Taylor, Jr., surety bind ourselves to Frances T. Saffell, Agnes T. Saffell, and James M. Saffell, Jr., that the said James M. Saffell, as guardian, will faithfully discharge all his duties as such, and will comply with

the judgments and orders of the court in the action, and will account for, pay, and deliver to said Frances T. Saffell, Agnes T. Saffell, and James M. Saffell, Jr., all money or property due or belonging to them when required. J. M. Saffell, Principal. E. H. Taylor, Jr., Surety. Signed by James M. Saffell and E. H. Taylor, Jr., in my presence, this January 16, 1905. Ben Marshall, Clerk. Examined and approved. R. L. Stout, Judge.'' The court made no other order with regard to the bond. In the papers the bond appears with the name J. Swigert Taylor signed under the name E. H. Taylor, Jr., and in the certificate of the clerk the words ''and J. S. Taylor'' are interlined after the words ''E. H. Taylor, Jr.,'' and before the words ''in my presence.'' The clerk was introduced as a witness on the trial, and stated that some days after January 28th, J. S. Taylor signed the bond in his presence; but, as said, the court at no time made an order approving the bond as signed by J. S. Taylor, and, so far as the action of the court goes, he has not been accepted by the court as a surety on the bond.

The case, therefore, comes to this: That the court accepted the bond in which E. H. Taylor, Jr., alone was surety, and this is the only bond which he accepted or approved. It will be observed that the statute provides that, before the sale is ordered, the guardian must execute a bond with at least two sureties worth not less than double the value of the estate to be sold, and that the court shall indorse its approval on the bond, which shall be recorded with the order of sale, and, if the bond is not given, any order of sale, and any sale or conveyance made under the order, shall be absolutely void and of no effect. In

the recent case of Watkins v. Northern Coal Co. (Ky.) 116 S. W. 1192, construing the statute, we said: "The statute not only provides for the taking of a bond, but it requires that it shall be recorded with the order of sale and that it shall be approved by the court. The bond is not 'taken,' within the meaning of the statute, unless it is taken by an order of court, for the court can only speak by its orders. If there is no order of court taking the bond and approving it, the bond has not been taken or approved by the court. To hold otherwise would be to nullify the statute, which declares that the proceeding shall be void if the bond is not given, for, if the orders of the court failing to show that a bond was taken do not show that the statute has not been complied with, there would be no way by which a violation of the statute could be established, and the provision that, if no bond is taken, the sale shall be void, would amount to nothing.

It remains to determine whether a bond taken with one surety is sufficient to satisfy the statute. This precise question was presented to the court in Barnett v. Bull, 81 Ky. 127, 4 R. 939. In that case, holding the sale void, the court said: "The guardian must give the bond as required with at least two sureties, and it is not a bond under this provision of the Code unless this is done. A sufficient reason for requiring the bond is that the section of the Code requires it; and, while it may be urged that the rule under the former statute should be followed, this can not be done, because it would be a plain disregard of the statute. The sale is void without the bond, and therefore the purchaser ought not to be required to comply with his bid." This opinion was followed in Isert

v. Davis (Ky.) 32 S. W. 294, 17 R. 686, where it appeared, as here, that a bond was executed by one surety, and it was again held that the sale was void for this reason. The statute in terms provides that the sale shall. be absolutely void and of no effect unless a bond with at least two sureties is taken. A bond with one surety is not such a bond as the statute requires, and a sale made when a bond with only one surety is taken must stand as a sale when no bond is taken, for a bond which does not satisfy the statute within the meaning of the statute is no bond. The court, therefore, properly held the sale void as to the infants. The sale was not void as to James M. Saffell, and the purchaser acquired by the sale his life estate. The purchase money which he paid for the interest of the infants was money paid by mistake and without consideration, but what his rights are as to this can not be determined on this appeal. The only question here is: Was the judgment void as to the infants?

Judgment affirmed.