### Bennett et al., v. Bennett et al.

(Decided April 27, 1911.)

#### Appeal from Madison Circuit Court.

1. Decedent's Estates—Division of Land—Devisees Cannot Refuse to Comply With Provisions of Will.—The devisees under a will cannot refuse to comply with its provisions with reference to the division of a farm simply because by doing so the devises are rendered less valuable to them..

2. Infant's Real Estate—Sale of.—There is no provision or authority in law for making a sale of infant's real estate as a part of or in conjunction with other land in which the defendant has no interest.

R. H. CROOKE for appellants.

W. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Dr. David Bennett died testate, a resident of Madison County, Kentucky. In due time his will was probated. By it he disposed of his estate, as follows:

"I will that my estate be given to my heirs as the law directs, except such as may fall to my youngest brother Samuel Bennett; that I will shall be allotted to him in land from the place near Foxtown and known as 'Homeland.' I will that he may select such part of the place for the allotment as he may desire and that he shall control it and have the income for his personal use from

year to year and that at his death it shall become the property of his children. The income from the land shall not be anticipated nor shall his life interest in same be sold.''

He left no wife or children surviving him, and his heirs at law were his brothers and sisters and the descendants of such as were dead—five in all—hence Samuel Bennett took an interest for life in so much of the Homeland farm as is equal to one-fifth of the value of the entire estate. The children of Samuel Bennett take the fee in the land in which he has a life estate.

Conceiving that it would be to the best interest of all concerned, the heirs of Dr. David Bennett who were of lawful age united in a petition to have the Homeland farm sold and the interest of Samuel Bennett re-invested in other lands, subject to the same conditions, limitations and restrictions as were imposed upon that devised to him by the will. It is charged in the petition, and supported by the proof, that the Homeland farm cannot be divided without materially impairing its value and the value of each interest therein. As directed by the will, Samuel Bennett has elected that his interest in the Homeland shall be cut off of the northern portion of the farm, and there has been allotted to him 168 acres out of the 293 acres in the entire tract. The mansion house and improvements appurtenant thereto are not upon the portion selected by him, the only building upon it being a tenement house. It is shown that the fencing is not in good repair; that Samuel Bennett lives with his family in Lexington, Kentucky, twenty miles from this farm. His children are not inclined toward agricultural pursuits, and he is in the employ of the Indian Refining Co. His business is such that he cannot give a farm located twenty miles from him such care and attention as it would need to make it profitable. The proof abundantly shows that it is to the best interest of Mr. Bennett and his children as well, that this land be sold and the proceeds invested in other real estate conveniently near him, where he and his family can give it such attention as will make it profitable to them. Upon this showing the Chancellor directed a sale of the entire tract.

The guardian ad litem for the infant children of Samuel Bennett, who were made defendants, appeals. The will directs that the interest of Samuel Bennett in

the testator's estate be set off to him in land, and that he shall select a part of the farm known as Homeland from which the allotment shall be made. The pleadings state that this has been done, and the proof shows that he will be entitled to about 168 acres. We gather from the testimony that this is an estimate merely, that, in fact, no division has been actually made, for the alleged reason that the farm cannot be divided advantageously. This is possibly so, but as the will directs that the interest of Samuel Bennett in the decedent's estate shall be set apart to him in this particular land, this will have to be done, without regard to the effect it may have upon the marketable value of the land set apart to him or the remainder of the tract. The question of the advisability of the divisibility of the Homeland farm was one which might properly have addressed itself to the testator; but when he has directed that it shall be divided, the devisees under his will cannot refuse to comply with the provisions of the will simply because by doing so the devises are rendered less valuable to them. Since the case must be reversed for another reason, upon its return the Chancellor will see to it that this division is made, if it has not in fact already been done.

After the interest of Samuel Bennett and his children has been set apart as directed by the will, upon the proof already taken it may be sold under an order of court for re-investment in more suitable lands. There is nothing in the language of the will, when fairly construed, which forbids its sale. The aim of Dr. Bennett was to prevent the annual income from his brother Samuel's interest in his estate from being anticipated or his life interest from being sold. The sale here contemplated would not have the effect of doing either. On the contrary, it would but enable Samuel Bennett and his children to have the money invested in other real estate conveniently near them, where they could enjoy either the use of the property itself, or give it such personal attention as would enable them to realize a better annual rental or return therefrom. Sec. 491 of the code expressly authorizes such a sale, but there is no authority in law for selling it in connection with and as a part of other lands in which neither Samuel Bennett nor his children have an interest. In Kelly's Assignee, etc., v. Muir, 17 Ky. Law Rep. 167, this court held that there was no provision or authority in law for making a sale

of infant's real estate as a part of or in conjunction with other land in which the defendant had no interest. The facts in that case are almost identical with the facts in this case.  Sec. 490 of the Code provides for the sale of a vested estate in land owned jointly by two or more persons if it is in possession and cannot be divided without materially impairing its value, etc.  But under the facts of ths case Samuel Bennett and his children have no interest whatever in 125 acres of the Homeland tract after the 168 acres is cut off.  Their's is not a joint ownership, but Samuel Bennett and his children own one tract and the other heirs of Dr. Bennett own the other. The two tracts may not be sold together.  Since the proof authorizes a sale of the Samuel Bennett tract, and the owners of the remaining tract desire its sale, there is no reason why they may not be offered and sold at the same time.  The tract upon which the improvements are located should be first sold, and the 168 acre tract afterwards.  In this way perhaps, each tract will sell to a better advantage.

Judgment reversed and cause remanded for further proceedings consistent herewith.