## Conrad, by, etc. v. Conrad, etc.

(Decided February 25, 1913.)

### Appeal from Shelby Circuit Court.

1. Land—Action to Sell Infant's Real Estate—Improper to Sell in Conjunction with Tract in Which Infant Has No Interest.—In a proceeding under section 491 of the Code, to sell the land of an infant for reinvestment of the proceeds in other property, it is improper to order the sale of the infant's land in conjunction with another tract in which the infant has no interest, the two tracts to be sold as a whole.

2.  Executors and Administrators—Purchase of Land by—Will Hold in Trust for Infant.—An executor who purchases at a sale made on his petition, will hold the property in trust for the infant beneficiaries, although he may have a life estate in it under the will.

3.  Land—Action to Sell Infant's Real Estate—Title Papers Must Be Filed With Petition.—In a proceeding under section 491 of the Code, the title papers must be filed with the petition. A judgment rendered when the title papers are not filed is erroneous.

T. B. ROBERTS, for appellants.

GEO. L. PICKETT and P. J. BEARD, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Emily J. Turnham by her will which was duly admitted to probate directed that her debts and funeral expenses be paid and devised Overton L. Conrad and James V. Conrad equally all her estate, real and personal for and during their lives, and at their death to go to their heirs, the heirs of each to take a fee simple interest; but if either Overton L. Conrad or James V. Conrad should die without children, then the whole estate should go to the survivor. She appointed Overton L. Conrad the executor and he qualified. The executor was authorized to sell and convey enough of the real estate to pay her debts. She left no personal property, but died the owner of four tracts of land containing in all 355 acres of land lying in one body. Overton L. Conrad and James V. Conrad own a tract of land containing 57 acres which is almost surrounded by the 355 acre tract. Overton L. Conrad is married and has three children. James V. Conrad is unmarried. This suit was brought by Overton L. Conrad, his wife, James V. Conrad and Overton L. Conrad as executor of E. J. Turnham, against the three infant children of Overton L. Conrad and wife, David G. Wright and Hancock Taylor. They alleged in their petition the facts above stated, also that David G. Wright held a mortgage debt against Turnham tract which the testatrix owed at her death, amounting to $4,564.00; and that Hancock Taylor held a mortgage debt on the 57 acre tract which they owned; that all the land lies adjacent and constitutes one body lying back of the turnpike three or four hundred yards, except that there is a narrow entrance leading from the turnpike about 100 feet in width; that this entrance is

the only practicable and convenient way of getting to the land from the turnpike; that the only outlet to the Turnham tract is over the 57 acre tract; that it was to the interest of all the parties that the two tracts should be sold together, and that the proceeds of the sale of the Turnham land, after paying off the mortgage debt, should be invested in other property. A guardian ad litem was appointed for the infants, and on final hearing a judgment was entered for the sale of the two tracts of land as a whole; the sale was made; Overton L. Conrad and James V. Conrad were the purchasers of the land as a whole for the sum of $7,250. The sale was reported to the court and confirmed, and a deed was made to the purchasers. The appeal before us is prosecuted by the guardian ad litem in the name of the infants, the purpose of the proceeding apparently being to secure the judgment of this court as to the validity of the title.

The infant defendants have no interest in the 57 acre tract; the only interest they have in the land arises under the will of E. J. Turnham, under which they take one-half of the land subject to the life estate of their father, and they have a contingent interest in the other half depending upon the contingency that their uncle, James V. Conrad, shall die without children. The first question arising in the case is whether the court had the power under the statute to sell the land in which the infants had an interest in conjunction with other land in which they had no interest, the sale being made of the two tracts as a whole. This precise question was before us in Bennett v. Bennett, 143 Ky., 380, upon facts not unlike those presented here. After pointing out that the proof warranted a judgment for the sale of the infants' land, the court said:

"Section 491 of the Code expressly authorizes such a sale, but there is no authority in law for selling it in connection with and as a part of other lands in which neither Samuel Bennett nor his children have an interest. In Kelly's Assignee, etc., v. Muir, 17 Ky. Law Rep., 167, this court held that there was no provision or authority in law for making a sale of infant's real estate as a part of or in conjunction with other land in which the defendant had no interest. The facts in that case are almost identical with the facts in this case. Section 490 of the Code provides for the sale of a vested estate in

land owned jointly by two or more persons if it is in possession and cannot be divided without materially impairing its value, etc. But under the facts of this case, Samuel Bennett and his children have no interest whatever in 125 acres of the homeland tract, after the 168 acres is cut off. Their's is not a joint ownership, but Samuel Bennett and his children own one tract and the other heirs of Dr. Bennett own the other. The two tracts may not be sold together. Since the proof authorizes a sale of the Samuel Bennett tract, and the owners of the remaining tract desire its sale, there is no reason why they may not be offered and sold at the same time. The tract upon which the improvements are located should be first sold, and the 168 acre tract afterwards. In this way perhaps, each tract will sell to a better advantage.''

We do not see that this case can be distinguished from that. The power to sell the land of infants is derived wholly from the statute, and it has been often held that the statute must be strictly followed. To sustain such a sale as was made here would be an innovation on the statute which might seriously affect the interest of the infants. We have no doubt that there was no such purpose here, but this does not affect the question. The statute authorizes the sale of the land in which the infant has an interest. It does not authorize the sale of the infants' land and other land in which he has no interest as one tract. If the outlet to the Turnham tract is over the 57 acre tract, and belongs to it as a right of way, it will pass to the purchaser as an appurtenance of the land. If the outlet is not a right of way which will pass as an appurtenance of the land, the court may in his discretion require such steps to be taken as may be necessary to protect the rights of the infants in the absence of an agreement by the parties interested in the 57 acre tract, as to the right of way.

Overton L. Conrad, the executor, was one of the purchasers at the sale. The rule is well settled that a personal representative who buys at a sale, holds the property as trustee for those whom he represents. Overton L. Conrad, as executor, was one of the plaintiffs in the action, and the sale was made upon his petition. The rule that a trustee who buys at his own sale holds the property in trust for the beneficiaries of the trust, has been often announced by this court. But it is insisted

that as Overton L. Conrad had a life estate in one-half of the land, he had a right to buy at the sale to protect his personal interest, and that therefore the rule referred to should not apply. We cannot accept this view. It often happens that one of the heirs or devisees is the personal representative. If the exception suggested was sustained, it would destroy the rule practically; for then the personal representative might always bid at the sale and obtain a good title, if he had any interest in the property. In not a few of the cases which have been decided, and in which the rule was applied, the person who was the personal representative was an heir or devisee; and the reason for the rule as to all the property outside of his interest, is the same in one case as the other. We therefore conclude that Overton L. Conrad will hold the property in trust for the infants under his purchase, and that he will not acquire such a title as he can sell during the infancy of his children. 39 Cyc., 366, 11 Am. & Eng. Encyc., 1144-5; Rorer on Judicial Sales, Section 418; Price v. Thompson, 84 Ky., 219; Johnson v. Poff, 109 Ky., 396; Charles v. Daniels, 140 Ky., 379. While there are cases sustaining the view suggested by counsel, (18 Cyc., 771), they are not in keeping with the principles on which the rule rests. If the executor would purchase at the sale, he should first be released from his trust, so that he will not occupy a dual position.

Subsection 2 of Section 492 of the Code provides:

"The title papers, or copies of them, under which the property is held, must be filed with the petition."

The will of E. J. Turnham is not in the record. It is the title paper under which the property is held and should be filed. We have stated the facts as shown by the plaintiffs' petition, but the will should be filed in order that the court may learn from it what the rights of the infants are and protect them.

Judgment reversed and cause remanded for further proceedings consistent herewith.