## Wyatt's Trustee, et al. v. Grider, et al.

(Decided April 17, 1914.)

### Appeal from Warren Circuit Court.

1. Judicial Sales—Infants—Failure to Summon—Sub-sections 1, 2 and 3, Section 489, Civil Code—Judgment Void.—Where an action is brought by the trustee of infants pursuant to sub-sections 1, 2 and 3 of Section 489, Civil Code, to sell lands belonging to the infants for the purpose of paying the debts of their mother and for their maintenance and education, and all the infants are made plaintiffs, and neither the infants nor anyone for them are served with process, and no guardian ad litem is appointed or makes defense for them, the judgment of sale is void.

2. Judicial Sales—Void—Power to Ratify.—Where under a will, power is given to a trustee to dispose of the property devised if three of the testatrix's children, on arriving at age, so agree and advise, and the property is sold at a judicial sale which is void by reason of the fact that the infants were made plaintiffs and not served with process as required by the code, the fact that three of the infants, who were then of age, filed an answer ratifying and confirming the sale, is not sufficient to validate the proceedings or vest the purchaser with title, and

presents no defense to an action by the purchaser to have the sale set aside on the ground that the judgment of sale was void.

B. F. PROCTOR for appellants.

JOHN B. GRIDER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1911, Laura Wyatt, a resident of Warren County, Kentucky, died testate, leaving surviving her the following children: Porter Wyatt and Lola Wyatt, Lena Wyatt, Edna Wyatt and Elsie Wyatt. Porter Wyatt and Lola Wyatt were of age. Lena Wyatt, Edna Wyatt and Elsie Wyatt were infants.

Laura Wyatt's will, which was probated by the Warren County Court, is as follows:

"I, Laura Wyatt, being of sound mind and disposing memory, do make this my last will and testament as follows:

"1. I want all my just debts paid.

"2. I want my trustee named hereafter to use all my property for the maintenance, support and education of my two infant daughters, till they are educated or quit school—my daughter, Lena, is in business.

"3. Subject to the foregoing provision, I give and devise to my five children in equal parts all my real and personal estate of every kind and character, to be held in trust till the youngest child is twenty-one years of age and then divided between them equally, provided that if three of my children be of age and all such agree that it would be best and so advise, my said trustee may dispose of said property and give the said three their interest and retain in trust and all the remainder for the benefit of the said other infants till they arrive at age respectively.

"4. I name and appoint the Potter-Matlock Trust Company the executor of this will and trustee of my said children.

"This Sept. 8, 1911."

The Potter-Matlock Trust Company qualified as executor of the will and trustee of the children.

On January 31, 1913, the Potter-Matlock Trust Company, and all the children of Laura Wyatt, and the Potter-Matlock Trust Company as trustee for Lena Wyatt, Edna Wyatt and Elsie Wyatt, the three infants, as plaintiffs,

on an ex parte petition, applied to the Warren Circuit Court for the sale of two houses and lots located in Bowling Green, Kentucky, for the purpose of paying decedent's debts, and to provide for the maintenance and education of the infant children. It was charged in the petition that Laura Wyatt left debts aggregating about $700, and that a sale of the houses and lots was necessary to pay the debts, and to educate and maintain the infant children, and unless the property was ordered sold the creditors would proceed to sue and sell same.

J. Whit Potter, president of the Potter-Matlock Trust Company, who testified by deposition, stated that the children had no income except the rent from one of the cottages. This rent was not sufficient to take care of them. Since their mother's death they had incurred a few debts for coal, groceries and other family supplies. These debts, together with the debts of their mother, amounted to about $700. Their mother's debts were for physicians' bills, burial expenses, store accounts, coal, etc. Unless the property was ordered sold there was no way to pay these debts.

On March 15, 1913, the property was ordered sold by the master commissioner. Edgar Grider became the purchaser at the price of $1,000. In the meantime the master commissioner filed a report of liabilities. This report is not in the record. On May 23, 1913, the sale was confirmed.

On October 6, 1913, Edgar Grider and G. E. Speck, plaintiffs, brought this action against the children of Laura Wyatt and the Potter-Matlock Trust Company, as trustee for the infant children, for the purpose of setting aside the sale and canceling the sale bonds on the ground that the judgment of sale was void. It is alleged in the petition, and shown by the original record, that three of the children were infants at the time of the sale. These infants were not made defendants or served with process, nor was a guardian *ad litem* appointed to defend for them. By consent of the parties, this action was consolidated with the action in which the sale was made, under an agreement whereby the new action was to be treated as a motion to set aside the sale under Section 763 of the Code. The trust company and the children filed an answer pleading that under the will in question the trust company had the right to sell the real estate without an order of court. They also pleaded that at the time of the filing of the answer Lena Wyatt was of age,

and that said Porter, Lola and Lena thereby ratified and confirmed the sale, and were willing for the sale to stand. A demurrer was sustained to the answer, and defendants having declined to plead further, the sale was adjudged void, and the sale bonds canceled. From that judgment the trust company and the children of Laura Wyatt appeal.

Under the repeated adjudications of this court, powers of courts of equity to sell infants' real estate are statutory and not inherent. In every case the statute regulating such sales must be followed, and a strict compliance therewith is necessary in order to divest the infant of his title. Walker v. Smyser, 80 Ky., 620; Henning v. Harrison, 13 Bush, 723; Meddis v. Bull, 13 Ky. L. R., 767, 18 S. W., 6; Bullock v. Gudgell, 25 Ky. L. R., 1413, 77 S. W., 1126; Hulsewede v. Churchman, 111 Ky., 251, 63 S. W., 1. Authority for the sale in question must be found, if found at all, in sub-sections 1, 2 and 3 of Section 489 of the Civil Code, which are as follows:

"1. For the payment of any debt or liability of his ancestor or devisor with which he may be legally chargeable, in an action brought against him pursuant to Section 428; or in an action brought against him by a creditor of the ancestor or devisor, unless it be enjoined pursuant to Section 436.

"2. For the payment of his debt or liability, in an action brought against him by his creditor.

"3. In an action by a guardian against his ward, for a sale of the estate for the maintenance and education of the ward."

The foregoing sections all contemplate that the suit shall be brought against the infant. Here the suit was not brought against the infants, they were not served with process, nor was anyone summoned for them as provided by Section 52 of the Civil Code. No guardian *ad litem* was appointed or made defense for them. Under these circumstances the sale was void. Wornack v. Loar, 11 Ky. L. R., 6, 11 S. W. 438; Hartman v. Fast, 145 Ky., 402; Tyler v. Jewell, 10 Ky. L. R., 887, 11 S. W. 25.

2. While it may be true that the will of the testatrix authorized the trustee to dispose of the property in question if three of the children be of age and agree that it would be best, and so advise, Grider did not acquire title under and by virtue of any sale thus made. Whatever title he acquired was by virtue of the *ex parte* proceeding brought by the trustee and the children. As the judgment

of sale in that case was void, the subsequent agreement on the part of the three children who had arrived at age to advise that the sale be confirmed did not have the effect of validating the proceedings and vesting him with title. In order for the trustee to vest a purchaser with title by virtue of the authority conferred by the will, it would be necessary for the trustee in the first instance to proceed in accordance with the provisions of the will. This was not done. The chancellor therefore did not err in sustaining the demurrer to the answer.

Judgment affirmed.