## Whittaker, et al. v. Whittaker, et al.,

(Decided December 8, 1925.)

### Appeal from Magoffin Circuit Court.

1. Infants—Suits to Cancel Deed of Realty to Infant May be Maintained Without Statutory Authority.—An action to cancel deed of realty to infant, in effect an attack on validity of his title, can be maintained without statutory authority though an infant may not be divested of title to real estate by sale, except under authority of, and in manner prescribed by Civil Code of Practice, sections 489, 498.

2. Appeal and Error—Finding of Fact as to Mental Capacity to Make Deed, Supported by all Testimony Adduced, will Not be Disturbed.—A finding of fact as to mental capacity to make a deed, supported by all testimony adduced, will not be disturbed.

T. J. ARNETT for appellant.

H. H. RAMEY and J. B. ADAMSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

This action in equity was instituted in the Magoffin.
circuit court on the 13th day of May, 1921, by the appel-
lee, J. M. Whittaker and wife, against the appellant,.
Homer Whittaker, a daughter of J. M. Whittaker by a
former marriage.

The petition sought the cancellation of a deed exe-
cuted on March 26, 1920, by which the appellees without
valuable consideration conveyed to appellant thirty acres.
of land worth about $500.00 and owned by appellee, J. M.
Whittaker. The cancellation was sought upon the ground
that at the time the deed was executed J. M. Whittaker
was in failing health and such a state of fear from
repeated efforts of his brothers to assassinate him that
he was so depressed in mind that he was incapable of
transacting business or realizing the consequences of his
acts and did not have sufficient mind to understand or
comprehend what he was doing.

The petition was duly verified and also alleged that
appellant was an infant under fourteen years of age;.
that her mother was dead; that she resided with and was
in the custody and control of her father and that she had
no guardian, curator or committee. A guardian *ad litem*
was appointed and process was executed upon him for
her in accordance with section 52 of the Civil Code of
Practice. Proof was taken upon interrogatories and an
answer was filed by the guardian *ad litem* appointed by
the court after service of process to defend for the infant.
defendant. Upon submission the chancellor cancelled the
deed and from that judgment this appeal has been pros-
ecuted in the name of the infant by her guardian *ad litem*.

The grounds relied upon for reversal of the judg-
ment are (1) the failure of appellees to file with their
petition the original or a copy of the deed sought to be
cancelled as required by section 492 of the Code; (2) that
a court of equity is without power to cancel a deed to an
infant in any event, and (3) that the evidence is not suf-
ficient to sustain the chancellor's finding that the appel-
lee, J. M. Whittaker, was of unsound mind at the time of
the execution of the deed.

The first and second grounds relied upon may be
considered together, since both are based upon the theory
that this is a proceeding to divest an infant of title to

real estate, and therefore either controlled by sections 489 to 498 inclusive of the Civil Code or not authorized at all.

It is true that we uniformly have held that an infant can not be divested of title to real estate by sale unless authority therefor be found in these or other sections of the Code or except in the manner thereby prescribed. Conrad v. Conrad, 152 Ky. 422, 153 S. W. 740; Wyatt's Trustees v. Grider, 158 Ky. 440, 165 S. W. 420; Noel v. Harper, 170 Ky. 657, 186 S. W. 503; Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692; Caulder v. Chenault's Ex'r, 154 Ky. 777, 159 S. W. 578; Ford v. May, 157 Ky. 830, 164 S. W. 88; Grider's Judicial Sales of Real Estate, page 27.

But all of these provisions and decisions treat only of proceedings to *sell* real property of persons under disability and have no reference whatever to an action such as this brought against an infant to determine and attacking the validity of his title to property. The power of a court to divest an infant (or any one else for that matter) of an admitted or established title to land by a sale thereof is purely statutory and therefore nonexistent except as limited and defined by statute; but there is no limitation in the Code or otherwise in this state upon the power of courts of general jurisdiction to determine and adjudge the rights of infants who are properly before and represented in the court in and to real estate or other property, and generally such courts have the same jurisdiction precisely in all such matters whether the parties be infants or under other disability or not.

The rule in regard to actions by or against infants in respect to property rights is thus stated in 31 C. J. 1112-1114:

> "The fact that a person is an infant does not in any way prevent his suing, or being sued, either at law or in equity.
>
> "An infant may institute and maintain such actions as may be necessary and appropriate to maintain his property rights.
>
> "In the absence of statutory provision to the contrary, property rights may be enforced in actions or suits against infants as defendants, when such rights exist."

In an action very similar to the one now before us, Kraft's Guardian v. Koenig, 3 S. W. 803, 8 Ky. L. R. 870, it was held that a deed executed to an infant was properly set aside notwithstanding the fact that the grantees were infants to whom no fault or fraud could be imputed.

We therefore are clearly of the opinion that neither of the appellant's first two complaints is tenable.

Upon the question of the condition of appellee's mind at the time he executed the deed, the testimony is all one way and to the effect that he was not then of sound mind. We can not therefore disturb the chancellor's finding upon that question of fact.

Perceiving no error in the record prejudicial to appellant's substantial rights the judgment is affirmed.