## Coleman, et al. v. Mullins.

(Decided November 26, 1926.)

### Appeal from Pike Circuit Court.

1. Judges—Special Judge Appointed to Try Certain Cases Held to have no Jurisdiction to Try Any Case Not Named in Order Appointing Him.—Special judge appointed to try cases in which regular judge was interested, held to have no jurisdiction to hear or determine any case not named in order appointing him, since his entire jurisdiction was to be found within that appointment.

2. Judgment.—Where specal judge tried case not named in order appointing him, and defendant did not consent to his trying it, judgment was void.

3. Pleading.—Petition on demurrer must be taken as true.

MOORE & CHILDERS for appellants.

PICKELSIMER & STEELE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Mullins sought by this action to vacate a judgment
obtained against him by the appellants, whom we shall
refer to as the Colemans. He was successful, and the
Colemans have appealed. In July, 1920, the Colemans
leased to J. H. McBrayer a tract of land in Pike county
for the mining of coal. McBrayer paid a royalty of
$500.00 for the first year, and was to pay minimum royal-
ties of $1,500.00 for the second year, and $2,400.00 for
each year thereafter, to secure which the Colemans had
a lien on the property. In September, 1920, McBrayer
transferred to the Elkhorn Coleman Coal Company, a
corporation, all of his rights under this lease. This cor-
poration was organized by Paris Mullins, J. H. Mc-
Brayer, D. S. Ramsey, D. S. Underwood and J. W.
Childers. Each of these men subscribed for $6,000.00 of
capital stock of the corporation. This $30,000.00 was, it
appears, expended on the property in its development,
but shortly thereafter, the market price of coal became
so low that the corporation was unable to operate at a
profit. It was unable to pay the royalty due, and had
given to the Boone Coal Sales Company a mortgage for
$10,000.00 upon its property. The Colemans on February
25, 1922, filed a suit in the Pike circuit court against this
corporation, the holder of this $10,000.00 mortgage, and
each of these stockholders, except Childers. Process
was served on Mullins, but he did not answer the suit,
because, as he says in this suit, he supposed then that
this process was served upon him as an officer of the
Elkhorn Coleman Coal Company, for the purpose of
bringing that corporation before the court, and that he
did not then know or suspect that a judgment was being
sought against him personally, and hence he filed no an-
swer. This petition was filed by the Hon. J. E. Childers,
who was then and had been since the first of the year,
judge of the Pike circuit court. Judge Childers, at the
time of his election, had been actively engaged in the
practice of law, and there was then pending in the Pike
circuit court, five Commonwealth cases, and twenty-eight
civil cases wherein he was interested, and on December
7, 1921, the Governor issued to Hon. Henry R. Prewett,
a commission as special judge to try those cases. On
March 3, 1924, Judge Prewett appeared in the Pike cir-
cuit court and presented his commission, which, together

with the list of cases he was to try, was spread upon the order book of the court. This suit of the Colemans against the Elkhorn Coleman Coal Company and others, was not named as one of these 33 cases, which is probably accounted for by the fact that this appointment of Judge Prewett had been made about three months before the suit was filed; but the Colemans appear to have overlooked that, and on March 6, 1924, this cause was, on motion of the Colemans, submitted to Judge Prewett, and the petition being uncontroverted, he entered a judgment against all of the defendants except the Boone Coal Sales Company, for $4,850.00, and adjudged to the Colemans a lien to secure this upon the property of the Elkhorn Coleman Coal Company. That judgment was entered in order book 24, page 160. The Colemans enforced their lien and the property of the Elkhorn Coleman Coal Company was sold, and they bought it for $500.00. This sum they credited upon their judgment, and issued an execution for the remaining $4,350.00, whereupon Mullins began this action in equity reciting all these facts and asking to have the judgment in book 24, page 160, vacated as far as it affected him. The Colemans filed a demurrer to the petition, which was overruled, and they declined to plead further. Thereupon the court entered a judgment, cancelling and vacating the judgment in order book 24, page 160, in so far as it affected Mullins personally, and from that judgment the Colemans have appealed.

The reason for the selection of Judge Prewett as special judge was that he might try those thirty-three cases, and accordingly, there was spread on order book 24 at page 154 of the Pike circuit court, Judge Prewett's appointment and the list of cases that he was to try. Judge Prewett had no jurisdiction to hear or determine any matter unless it was embraced within the terms of his appointment. His entire jurisdiction must be found within that appointment, and he had no jurisdiction to try any case not named in the order appointing him. The case begun by the Colemans against the Elkhorn Coleman Coal Company was not one of those cases. Mullins had not consented for Judge Prewett to try it, did not know he was going to do so, and Judge Prewett had no authority to enter a judgment in this case.

"A judgment void upon its face and requiring only an inspection of the record to demonstrate its

invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification. Nothing can be acquired or lost by it. It neither bestows nor extinguishes any right and may be successfully assailed whenever it is offered as a foundation for the assertion of any claim or title.'' Freeman on Judgments, section 338.

''If, . . . the record shows what was done toward acquiring jurisdiction nothing else will be presumed to have been done, and hence if from what appears by the record it is clear that jurisdiction is not established the subsequent action of the court may be disregarded as void.'' Freeman on Void Judicial Sales, section 8.

The order or judgment being void, Mullins clearly had the right to bring this proceeding to have it set aside. See Stewart v. Model Coal Co., 216 Ky. 742, and Hughes v. Saffell, 134 Ky. 175, 119 S. W. 804. See Wyatt's Trustee v. Grider, 158 Ky. 440, 165 S. W. 420.

The Colemans offered no pleading other than a demurrer questioning the right of Mullins to relief sought. His petition, which upon demurrer must be taken as true, manifested his right to relief, and it follows that the action of the trial court in awarding him the relief sought was correct, and its judgment is affirmed.