# Conrad v. Conrad et al.

October 24, 1950.

J. Wirt Turner, Judge.

Robert F. Matthews for appellant.

Bernard B. Davis for appellees.

JUDGE CAMMACK—Affirming.

The question involved on this appeal is the character of estate taken by Overton L. Conrad under the will of Emily J. Turnham, who died in 1912. The appeal is from a judgment holding in effect that he is entitled to a one-half interest in the estate in fee.

The second, third, fourth and fifth paragraphs of the will read as follows:

"Item 2nd. I give and bequeth to my two nephews, Overton L. Conrad and James V. Conrad, all of my estate of whatsoever kind, either real person or mixed.

"Item 3rd. The real estate I bequeth to the said Overton L. and James V. Conrad in equal portions, to them for their lives and at their death to go to their heirs; the heirs of each to take a fee simple interest in and to the interest of the lands herein devised.

"Item 4th. At the death of either Overton L. or James V. Conrad the children of either shall take the interest of their deceased father.

"Item 5th. If either to said Overton L. or James V. Conrad die without children, then that portion of my estate shall go to the survivor."

James V. Conrad died in 1947 leaving no children. His only heir is his brother, Overton L. Conrad. Overton had three infant children when Emily J. Turnham died in 1912. He had several living children at the time of the institution of this action. The question on this appeal was raised when Overton and his wife sought to convey a one-half interest in the Turnham property. It is their contention that Overton inherited that interest in the property from his brother James, when the latter died in 1947.

The parties agree that Overton's title to the property would probably not have been questioned had it not been for a statement in the opinion in the case of Conrad v. Conrad, 152 Ky. 422, 153 S.W. 740, 741. That opinion dealt with the property left by Emily J. Turnham, but a construction of her will was not necessary to a decision in the case. Overton L. Conrad was the executor of the Turnham estate. He sought to have the property sold to satisfy the debts against the Turnham estate. He sought also to have sold a 57 acre tract of land which belonged to him and his brother James, but which was surrounded by the Turnham land. This Court held that it was improper to sell land in which the infants had an interest in conjunction with other land, and also that a personal representative could not purchase at his own sale.

Emily J. Turnham's will was not filed in the settlement suit. However, the Court directed that it should be filed to make the record complete. The opening paragraph of the opinion set forth the provisions of the will. During the course of the opinion it was said: "The infant defendants have no interest in the 57-acre tract. The only interest they have in the land arises under the will of E. J. Turnham, under which they take one half of the land, subject to the life estate of their father; and they have a contingent interest in the other half depending upon the contingency that their uncle, James V. Conrad, shall die without children."

As we have noted, the construction of the will was not before the Court, and the statement just quoted had no bearing upon the decision of the case. Actually, the latter part of the statement is in direct conflict with the will, which provided that, if either Overton or

James Conrad should die without children, the survivor should take the share of the other. Overton was the only heir of his brother James. Therefore, he took James' share in fee.

Judgment affirmed.